WAYNE CRAWFORD B/N/F MARY V. CRAWFORD v. WAYNE COUNTY BOARD OF EDUCATION

No. 23

(Filed 18 June 1969)

**1. State § 7— Tort Claims Act — requisites of affidavit**

It is necessary to a recovery under the Tort Claims Act that the affidavit of claimant set forth the name of the allegedly negligent employee and the acts of negligence relied upon.

**2. State § 7— tort claim — failure of affidavit to name employee — jurisdiction of Commission**

In this tort claim action against a county board of education based upon the alleged negligence of a school bus driver, the Industrial Commission had jurisdiction to hear the claim, notwithstanding the affidavit failed to name the allegedly negligent bus driver, where prior to the hearing claimant was permitted to amend the affidavit to name the bus driver, and defendant's counsel stipulated that the named bus driver was an employee of defendant and was paid out of the nine months school fund and stated that he was not taken by surprise by the amendment.

**3. Administrative Law § 4—necessity for fair trial**

While a hearing before an administrative agency need not be as formal as that before a court, no essential of a fair trial may be dispensed with.

**4. State § 7— hearings by different members of Industrial Commission — waiver of objection**

In this tort claim proceeding before the Industrial Commission, defend-

ant *is held* to have waived objection to procedure whereby a second hearing at which defendant presented its evidence was conducted by a different hearing officer than the one who conducted the original hearing and entered the opinion and award of the Commission, where defendant had notice beforehand of the identity of the officer who would conduct the second hearing but failed to object thereto.

**5. Administrative Law § 4— decision by officer not present when evidence presented**

An administrative decision is not invalid merely because an officer who was not present when the evidence was taken made or participated in the decision, provided he considers and acts upon the evidence received in his absence.

**6. State § 8— Tort Claims Act — contributory negligence**

The State Tort Claims Act does not authorize recovery unless the claimant is free from contributory negligence.

**7. State § 8— Tort Claims Act — contributory negligence by minor claimant**

Substantive case law concerning a minor's capability for negligence applies to claims under the State Tort Claims Act, and six-year-old claimant is incapable of contributory negligence as a matter of law.

ON *certiorari* to review decision of the North Carolina Court of Appeals (3 N.C. App. 343, 164 S.E. 2d 748).

This is an action for damages for personal injuries brought by an infant claimant by his next friend under the provisions of the State Tort Claims Act against the Wayne County Board of Education on account of the alleged negligence of a school bus driver in the operation of a school bus on 3 June 1965. Claimant's affidavit was substantially in the form prescribed by G.S. 143-291 and G.S. 143-300.1, except that the space provided for the name of the alleged negligent employee of the defendant on the printed forms used was left blank. When the claim came on for hearing before Deputy Commissioner Thomas, defendant demurred *ore tenus* contending that the affidavit was fatally defective for failure to contain the name of the alleged negligent employee of the defendant. Plaintiff's counsel advised the Deputy Commissioner that he would like to amend the affidavit to include the name of Roy Batten, the driver of the school bus. The Deputy Commissioner granted the request, and although the record contains the request and permission to amend, the amendment was never written on the affidavit.

The record also discloses that the Deputy Commissioner inquired of defendant's counsel if he was being taken by surprise by the amendment. Defendant's counsel replied that he had discussed the proposed amendment with plaintiff's counsel prior to the hearing. At

the suggestion of the Deputy Commissioner, defendant's counsel expressed his willingness to stipulate that Roy Batten was an employee of defendant and that Roy Batten was paid out of the nine months school fund. Thereafter, evidence was introduced by the plaintiff. Because of the unavailability of certain witnesses at the original hearing, an additional hearing was held on 2 October 1967 before Commissioner Shuford, at which time defendant put on its evidence. Later, on 15 February 1968, the parties stipulated to admit narrative medical reports into evidence. Deputy Commissioner Thomas filed his order 16 February 1968 awarding the claimant $8,000, which award was affirmed by the Full Commission on 7 May 1968.

The facts of the case in respect to the accident were not in substantial controversy and tended to show the following: The claimant was a six-year-old first grade student at Pikeville School in Wayne County, North Carolina. The school had a half-circle driveway with the entrance at the north end and exit at the south end. Defendant's bus No. 116 was driven by Milton LeRoy (Roy) Batten. When Batten arrived at the school, two other buses were there. The children riding on Batten's bus were lined up in front of bus No. 121. Batten drove to the left of bus No. 121 with his left wheels off the edge of the 19-foot-wide drive at a speed of about 15 miles per hour. As bus No. 116 neared the front of bus No. 121, the claimant ran into the path of bus No. 116 to retrieve his shoe. Batten applied the brakes of the bus when he saw the claimant but skidded some twelve feet over the claimant's left leg, severely tearing the muscle of the left calf. When the bus was stopped, the front door of bus No. 116 was approximately even with the front end of bus No. 121.

The Full Commission affirmed the report of the Hearing Commissioner. The Hearing Commissioner found this as a fact:

"7. In operating defendant's school bus, as above set forth, on the school grounds, in close proximity to young children, Batten did that which a reasonably prudent person would not have done under the same or similar circumstances, and this constituted negligence on his part, which was a proximate cause of the minor plaintiff's injuries and damage.

"8. There was no contributory negligence on the part of the minor plaintiff."

From the order and award of the Industrial Commission, defendant appealed to the Court of Appeals. The unanimous opinion of the Court of Appeals, sitting in a panel of three, affirming the opinion and award of the Industrial Commission, was handed down 31 December 1968.

*George K. Freeman, Jr., and Attorney General Robert Morgan by Staff Attorney Richard N. League for defendant appellant.*

*Braswell, Strickland, Merritt & Rouse for plaintiff appellee.*

PARKER, C.J.

**[2]**    Defendant relies upon three points in his assignments of error, the first of which is as follows:

> "Defendant submits that when the name of an employee is omitted from the affidavit in an action brought under G.S. 143-291 or G.S. 143-300.1 of the State Torts Claims Act, it is a jurisdictional defect and cannot be cured by amendment, but only by beginning the action anew. . . ."

**[1]**    This Court has held that it is necessary to a recovery that the affidavit of claimant set forth the name of the allegedly negligent employee and the acts of negligence relied upon. *Floyd v. Highway Commission,* 241 N.C. 461, 85 S.E. 2d 703.

The case of *Tucker v. Highway Commission,* 247 N.C. 171, 100 S.E. 2d 514, is apposite. The first headnote in our Reports reads as follows:

> "In a proceeding under the Tort Claims Act, where, prior to the hearing, the parties stipulate the name and position of the State employee charged with negligence, such stipulation meets the statutory requirement that the negligent employee be named and obviates error in naming the employee in the affidavit and claim, and the allowance of an amendment to this effect on appeal to the superior court is immaterial."

In the opinion Higgins, J., used the following language upon which the headnote is based:

> "In considering the validity of the defendant's contentions, it must be borne in mind that the purpose of the statute requiring the negligent employee to be named is to enable the department of the State against which the claim is made to investigate, not all of its employees, but the particular ones actually involved. *Floyd v. Highway Commission,* 241 N.C. 461, 85 S.E. 2d 703. The claim as filed is against the State Highway & Public Works Commission, arising by reason of the negligence of John Billie Harris, supervisor under Bob Moore, superintendent. Conceding that Bob Moore is not charged as being a negligent employee, John Billie Harris, *supervisor* under Bob Moore, is so charged. The name of the negligent employee and his position

(supervisor) are both designated. At the beginning of the hearing both parties stipulated that R. W. (Bob) Moore was Supervisor for Franklin County and was in charge of maintenance at the time of the accident. Thereafter, the plaintiff, at least, dismissed Harris from further consideration.

"We hold the stipulation of the parties was equivalent to and served all the purposes of an amendment to the claim. The stipulation eliminated Harris because he was not the supervisor and included R. W. Moore because he was. The amendment in the Superior Court substituting Moore for Harris added nothing to the claim."

Defendant in its brief relies upon the case of *Anderson v. Atkinson*, 235 N.C. 300, 69 S.E. 2d 603, and 1 McIntosh, N.C. Practice and Procedure, 2d Ed., §§ 1284, 1285, and 1287. These citations are clearly not in point.

1 McIntosh, N. C. Practice and Procedure, 2d Ed., § 1281, states:

"It is the general policy of the code to have actions tried upon their merits, and to that end very liberal powers of amendment are exercised. The courts have inherent power, independent of statute, to amend pleadings, and they may exercise this power in their discretion, unless prohibited by some statute, or vested rights would be disturbed, or the rights of the parties would be injuriously affected. . . ."

[2] We can find no case in our Reports precisely on all-fours, but in our opinion, since defendant's counsel said he was not taken by surprise and expressed his willingness to stipulate that Roy Batten was an employee of the defendant and that Roy Batten was paid out of the nine months school fund, the court had jurisdiction, and the demurrer was bad.

[4] The appellant's second contention is as follows:

"Defendant submits it is error for a Hearing Commissioner to write the Decision and Order when he is not present to hear the testimony given by the witnesses for the defendant, because courts may not use such procedure, such procedure violates the concept of fair play, and such procedure does not comply with the language of the applicable statute."

According to the record before us, these facts appear: Deputy Commissioner Thomas heard evidence at the first meeting. Because of the unavailability of certain witnesses at the original hearing, an additional hearing was held on 2 October 1967 before Commissioner

Shuford, at which time defendant put on its evidence. Later, on 15 February 1968, the parties stipulated to admit narrative medical reports into evidence. Deputy Commissioner Thomas filed his order on 16 February 1968 awarding the claimant $8,000, which award was affirmed by the Full Commission and the Court of Appeals. Thus, it appears that Deputy Commissioner Thomas heard the plaintiff's evidence, and it appears that he did not at that time hear defendant's evidence because of the unavailability of defendant's witnesses, and that later Commissioner Thomas had before him the stipulated narrative medical reports.

From the record before us, Deputy Commissioner Thomas filed his decision and award to plaintiff on 16 February 1968. There is nothing in the record to show that defendant had objected to Deputy Commissioner Thomas's deciding the case. On 5 April 1968 defendant appealed the award to the Full Commission. In its appeal for the first time defendant said: "It was error for Hearing Commissioner Robert F. Thomas to write the Decision and Order filed February 16, 1968, since he was not present to hear the testimony given by the witnesses for the defendant at the hearing held on October 2, 1967, pursuant to the order entered by Commissioner Thomas on February 7, 1967 (EXCEPTION No. 2.)." The Full Commission overruled "each and every one of the defendant's exceptions and adopts as its own the findings of fact and conclusions of law of the hearing deputy commissioner, together with the award based thereon, and orders that the result reached by him be, and the same is hereby AFFIRMED." From the Full Commission, defendant appealed to the Court of Appeals. On this point the Court of Appeals used the following language:

"The defendant next contends that the Industrial Commission erred in allowing Commissioner Shuford to preside at the hearing in which defendant put on the bulk of its evidence, when the first hearing was held and the opinion and award entered by Deputy Commissioner Thomas. The record discloses that Commissioner Shuford served with the full Commission in reviewing the findings and affirming the order of Deputy Commissioner Thomas. Defendant joined in requesting the additional day of hearing and had notice of the identity of the presiding officer prior to the second hearing. It made no objection to Commissioner Shuford's conducting the second hearing, either at or before the time of the hearing. Without conceding that this procedure was improper, we conclude that defendant waived any objection thereto. This conclusion is supported, on the point of waiver, by *Ostrowski v. Zolnierowicz*, 125 NJL 516, 16 Atl. 2d

803; *Worden v Alexander*, 108 Mont. 208, 90 P. 2d 160, and 48 C.J.S., Judges, Sec. 56, p. 1021. Furthermore, as indicated in the quoted statement from defendant's brief, the facts in this case are not seriously controverted — even the finding of negligence is not challenged."

[3, 4] While a hearing before an administrative agency need not be as formal as that before a court, no essential element of a fair trial may be dispensed with. However, due process and the concept of a fair hearing require only that an administrative officer who was absent when the evidence was taken consider and appraise the evidence himself. See *Morgan v. United States*, 298 U.S. 468, 80 L. Ed. 1288. But we need not base our decision on the proposition that claimant might not have insisted that he be allowed to present his entire case before the same hearing officer, since it appears that under the facts of the case that right, if it existed, was waived.

A similar decision was reached by the Supreme Court of Oklahoma in *Knapp v. State Industrial Commission*, 195 Okla. 56, 154 P. 2d 964. In that case appellant filed with the State Industrial Commission a motion wherein he alleged that his injury had resulted in permanent disability and asked for a hearing and an award of compensation. Pursuant to said motion hearings to determine the extent of his disability were conducted at Bristow on 29 September 1942 and 29 March 1943 by Commissioner Snow and at Tulsa on 5 May 1943 by Chairman Greer and again at Tulsa on 9 June 1943 by Commissioner Cook. Thereafter, Chairman Greer made findings of fact and disposed of the case. Chairman Greer's order was affirmed by the entire Commission. Upon appeal to the Supreme Court of Oklahoma, appellant contended that the action of Chairman Greer, who had not heard all the testimony, in rendering a decision in the matter was without authority and void and constituted denial of due process of law.

In disposing of this contention, the Supreme Court of Oklahoma said:

"The contention of petitioner relative to the conduct of hearings before different commissioners and at places other than the county in which petitioner resided requires no discussion for the reason that petitioner is not shown to have been prejudiced in any manner thereby and for the further reason that it is not necessary that the entire case be heard before a single commissioner or that all commissioners participate in the hearing of each individual case. The petitioner participated in all the hearings conducted and was afforded full opportunity to cross-ex-

amine all witnesses and to present his cause upon the entire record and oral argument before the entire Commission. A careful examination of the entire record reveals that the finding and order here under review are fully supported by the competent evidence shown therein and the order made was the proper one under the facts found."

**[5]** While there are some decisions reaching a contrary result upon specific statutes involved, and not as a matter of due process, it is generally held that an administrative decision is not invalid merely because an officer who was not present when the evidence was taken made or participated in the decision, provided he considers and acts upon the evidence received in his absence. See Annot. 18 A.L.R. 2d 606, and cases cited therein.

Appellant in the instant case, in addition to failing to object to Commissioner Shuford's conducting the second hearing, sought and obtained a review of the award by the Full Commission. G.S. 97-85 provides that the Full Commission "shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award. . . ." The opinion and order entered by the Full Commission stated that, upon consideration of the evidence in the record, the oral arguments of the attorneys and the written briefs submitted by them, the Commission adopted as its own the findings of fact and conclusions of law of the hearing officer, together with the award based thereon. The Commission had statutory authority to reconsider the evidence or take additional testimony and, if they felt it was so indicated, amend the award. This they failed to do. Therefore, it can be assumed that the Commission felt that appellant had not been prejudiced, and that the findings were proper.

The appellant's third and last contention is as follows:

"Defendant submits that the defense of contributory negligence is available against all minors in G.S. 143-291 and G.S. 143-300.1, claims. . . ."

Thus, defendant contends that the State Tort Claims Act makes the defense of contributory negligence available regardless of the age of the claimant.

*Greene v. Board of Education*, 237 N.C. 336, 75 S.E. 2d 129, was a claim for the wrongful death of a seven-year-old girl under the State Tort Claims Act of 1951. In its opinion, the Court after holding there was plenary evidence of negligence on the part of the defendant's driver, said this:

"So far as this record discloses, there was no testimony of any conduct on the part of the deceased which evidenced any want of due care on her part. Hence we need not discuss or decide whether a child of her age could by her conduct bar her right of recovery."

In *Smith v. Board of Education,* 241 N.C. 305, 84 S.E. 2d 903, the headnote in our Reports is as follows:

"Evidence tending to show that a fourteen-year-old pupil on a school bus was assaulted by another pupil who had been designated by the principal as 'bus captain' but who was not an employee of the State or the Board of Education, that she immediately jumped up and rushed to the front door of the bus, jerked the door open, and jumped to her fatal injury, and that the driver did not see anything that happened until she was going out the door, *is held* insufficient to support a finding of negligence on the part of the driver of the bus, and nonsuit is proper."

The Superior Court entered a judgment reversing the order of the Industrial Commission awarding judgment to the plaintiff. On appeal the Court in a *per curiam* opinion concluded that the evidence did not support a finding of negligence on the part of the driver of the school bus and then used this language:

"While the ruling of the court below on the defendants' exception with respect to the failure of the hearing Commissioner and the Full Commission to find that the deceased was guilty of contributory negligence resulted in a verdict for the defendants, we affirm the result on the ground that the evidence does not support the finding of negligence on the part of the driver of the bus rather than upon the conclusion that the deceased was contributorily negligent."

In *Brown v. Board of Education,* 269 N.C. 667, 153 S.E. 2d 335, this Court, in reversing the decision of the Superior Court and affirming the Industrial Commission, used this language:

"The plaintiff, being only twelve years of age, is presumed incapable of contributory negligence. *Weeks v. Barnard,* 265 N.C. 339, 143 S.E. 2d 809. The Commission did not find such negligence by her and the evidence is not sufficient to require such a finding."

[6] It is well-settled law with us that the State Tort Claims Act does not authorize recovery unless the claimant is free from contrib-

utory negligence. *Huff v. Board of Education,* 259 N.C. 75, 130 S.E. 2d 26. The claimant in the *Huff* case was 17 years of age.

G.S. 143-299.1 reads as follows:

> "Contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted shall be deemed to be a matter of defense on the part of the State department, institution or agency against which the claim is asserted, and such State department, institution or agency shall have the burden of proving that the claimant or the person in whose behalf the claim is asserted was guilty of contributory negligence."

**[7]** This Court has not in the past held that the language of the State Tort Claims Act requires a departure from our substantive case law concerning a minor's capability for negligence. We do not so hold now. Claimant, a six-year-old child, is incapable of contributory negligence as a matter of law. *Walston v. Greene,* 247 N.C. 693, 102 S.E. 2d 124.

The facts found by the Commission are sufficient to support its conclusion that the claimant's injuries were proximately caused by the negligence of the driver of the bus.

Affirmed.