VIOLA MAE STROUD v. NORTH CAROLINA MEMORIAL HOSPITAL

No. 7215IC460

(Filed 2 August 1972)

1. **State § 10— tort claim — review of findings of fact**

    The Industrial Commission's findings of fact are conclusive on appeal when supported by competent evidence even though there is evidence which would support contrary findings.

2. **State § 8— tort claim — State hospital — visitor — fall on salad oil on floor**

    In an action under the Tort Claims Act to recover for injuries allegedly sustained when plaintiff slipped and fell on salad dressing which had been spilled by an employee of defendant hospital in front of a service elevator, the evidence was sufficient to support findings by the Industrial Commission that plaintiff 'was an invitee of defendant hospital, that plaintiff was injured by a negligent act on the part of a State employee acting in the scope of her employment, and that plaintiff was not contributorily negligent.

ON writ of *certiorari* to review opinion and award of the North Carolina Industrial Commission filed 20 January 1972.

Appellant failed to docket the appeal within the time allowed by our rules. Prior to argument, appellant requested that the appeal be treated as a petition for writ of certiorari, and plaintiff has filed no objections. We choose to issue the writ and consider the case on its merits.

Plaintiff filed an affidavit with the Industrial Commission claiming that she was injured as a result of the negligent act of an employee of the State and was entitled to recover under the State Tort Claims Act (G.S. 143-291, et seq.). Plaintiff alleged that while visiting her husband who was a patient

in defendant Hospital, she slipped and fell on vinegar and oil salad dressing which had been spilled by an employee of defendant in front of a service elevator.

There was a full hearing before Commissioner Shuford of the Industrial Commission on 26 May 1971 at which time evidence was presented by both plaintiff and defendant. From an order entered by Commissioner Shuford on 2 July 1971 awarding plaintiff $5,000 in damages, defendant gave notice of appeal. The Full Commission made one additional finding of fact and affirmed the earlier decision of the hearing commissioner. The defendant Hospital duly excepted and appealed to this Court.

*Attorney General Morgan, by Associate Attorney Conely, for defendant petitioner.*

*Winston, Coleman and Bernholz, by Barry T. Winston, for plaintiff respondent.*

MORRIS, Judge.

[1] Upon appeal from an award of the Industrial Commission, our inquiry is limited to two questions of law: (1) Whether there was any competent evidence before the Commission to support its findings of fact; and (2) Whether the findings of fact of the Commission justify its legal conclusions and decision. *Bailey v. Dept. of Mental Health,* 272 N.C. 680, 159 S.E. 2d 28 (1968). The Industrial Commission's findings of fact are conclusive on appeal when supported by competent evidence. G.S. 143-293. This is true even when there is evidence which would support findings to the contrary. *Bailey v. Dept. of Mental Health, supra.*

[2] We hold that the findings of the Commission that plaintiff was an invitee of defendant, that plaintiff was injured by a negligent act on the part of a State employee acting in the scope of her employment, and that plaintiff was not contributorily negligent are supported by competent evidence. See *Crawford v. Board of Education,* 3 N.C. App. 343, 164 S.E. 2d 748 (1968), aff'd 275 N.C. 354 (1969). Similarly we hold that the findings of fact are sufficient to support the Full Commission's conclusion that plaintiff was entitled to recover.

The opinion and award of the Full Commission is

Affirmed.

Judges BROCK and HEDRICK concur.