ANDREW J. BULLMAN AND DOROTHY ANN BULLMAN v. NORTH
CAROLINA STATE HIGHWAY COMMISSION

No. 7328IC204

(Filed 25 April 1973)

**1. State § 8— finding by Industrial Commission — sufficiency of evidence**

Even if there was error in the admission of testimony by plaintiff that defendant stated he was going so fast that he could not stop, the error was not prejudicial since testimony of an eye-witness that defendant employee was operating the Highway Commission truck at 60 mph was sufficient to support the Industrial Commission's finding that the truck was being operated at an excessive rate of speed immediately prior to and at the time of the accident.

**2. State § 8— findings and conclusions of Industrial Commission — sufficiency of evidence**

Evidence was sufficient to support the Industrial Commission's findings and conclusions that defendant was negligent and plaintiffs were not contributorily negligent where the evidence tended to show that plaintiffs looked and saw no vehicle before driving onto the highway, plaintiffs could see 400 feet down the road, plaintiffs were in their proper lane of travel and had progressed 44 feet before defendant's truck struck them and defendant was traveling 60 mph at the time of impact.

APPEAL by defendant from an opinion and award of the North Carolina Industrial Commission filed 10 November 1972.

This proceeding was instituted by plaintiffs under the provisions of the North Carolina Tort Claims Act, G.S. 143-291 *et seq.*, to recover damages for injury to person and property allegedly resulting when a State Highway Commission truck, negligently operated by Robert Greer Johnson, collided with a truck, owned and operated by plaintiff, Andrew J. Bullman.

The matter was heard by Deputy Commissioner A. E. Leake. Plaintiff Andrew J. Bullman (Andrew) offered evidence tending to show that at about 2:00 p.m., 14 July 1970, he drove his 1948 Chevrolet 1½ ton truck to "Mr. Swilling's grocery store and filling station . . . on Highway 1620 between Leicester and Alexander." Highway 1620 is a paved road, approximately 18 feet wide, and runs in an east-west direction. Swilling's service station and grocery store is located on the north side of highway 1620 and Andrew parked his truck approximately four feet from the edge of the road at about a 45 degree angle toward the northeast. Plaintiff Dorothy Ann

Bullman (Dorothy), Andrew's daughter, and Andrew's grand-son were passengers in the cab of the Bullman truck. Andrew testified:

"After I made my purchase at the store, I started to leave. * * * I started the engine of my truck and got ready to pull back onto RPR 1620. Dorothy looked out her door window. She was seated over on the right side of my truck. She looked out the back glass first, but I told her to look out the door window also so that we should not take any chances. She looked back southwest on RPR 1620 to check for traffic coming in that direction. You could see 400 feet back southwest on RPR 1620.

After I had looked both to my right and to my left on RPR 1620, I went on in the road. I had not seen any traffic coming from either direction, so I pulled into RPR 1620. I intended to travel northeast on this road. I had traveled about 44 feet from where I started down the road and had gotten on the right-hand side of RPR 1620 going northeast in my lane when another vehicle collided with the rear of my truck."

John Crawford Swilling, owner and operator of the service station-grocery store on highway 1620 testified:

"I had walked outside of the store and was standing at the gas pumps when Mr. Bullman was pulling into RPR 1620. Before he pulled into the road, Miss Bullman, she leaned out the right side looked down the road to her right. Mr. Bullman leaned over and looked to the right also. * * * At this time, when Mr. Bullman pulled out into RPR 1620, he was traveling east towards Alexander. He had already gotten into his proper lane of travel when his truck was hit.

* * *

I saw a State Highway truck after Mr. Bullman pulled into the road. I was standing in the parking lot and there was nothing coming when Mr. Bullman first pulled into the road. The State truck was going east on RPR 1620 at the time. I was standing about 30 feet from the edge of the road when I saw the accident happen. The State truck was 300 feet from me when I first saw it. I could see 300 feet or more from where I was standing down the road. From where Mr. Bullman's truck was parked you could

see 400 feet down the road. The State truck was going approximately 60 miles per hour just prior to the impact."

Dorothy Ann Bullman testified that both she and her father looked to the southwest before pulling onto the highway. She stated:

"I could see 400 feet or more down the road towards Leicester. There was nothing coming from the direction of Leicester when we started to move. * * * I never saw the other vehicle until it hit our truck."

The Bullman truck overturned following the collision and was "heavily damaged." Plaintiffs were taken to Memorial Mission Hospital in Asheville for treatment. Andrew was examined and released that same day but testified that he developed headaches the next day and had to return to the hospital for further examination and x-rays.

Dorothy Bullman was admitted to the hospital and remained there for a period of 13 days. She testified:

"On July 16, 1970, I was operated on for a broken fifth vertebra and it was repaired. They used some bone from my hip to repair the broken vertebra. * * *

I had a great amount of pain while in the hospital. I had to lay flat on my back and couldn't get up for anything. I had an upset stomach for several days and couldn't eat."

Defendant offered evidence tending to show that Robert Greer Johnson, a college student and summer employee of the Highway Commission, was driving the 1967 Ford dump truck, loaded with stone, east on Highway 1620 in the direction of Alexander on the day of the accident. As Johnson crested the hill and approached Swilling's store, he noticed the Bullman truck parked in the store's parking lot. Johnson stated, "When I first saw the Bullman truck moving into the road, my truck was about 120 feet west of the Bullman truck." Johnson sounded his horn but Bullman continued his left turn onto highway 1620 and was "barely creeping" when Johnson again sounded his horn. The Bullman truck continued forward at a slow rate of speed. Johnson, who estimated the speed of his vehicle at 30 to 38 miles per hour, testified: "I just ran over his truck; I couldn't stop in time."

---

---

Deputy Commissioner Leake made findings of fact and concluded as a matter of law that the injury to the person and property of Andrew J. Bullman and the injury to the person of Dorothy Ann Bullman were caused by the negligence of Robert Greer Johnson in the operation of the State Highway Commission truck and neither plaintiff was contributorily negligent. Based on these findings and conclusions, plaintiff Andrew J. Bullman was awarded $1,000.00 for personal injuries and $500.00 for property damage; and plaintiff Dorothy Ann Bullman was awarded $7,500.00 for personal injuries.

Defendant appealed to the Full Commission, which in an opinion filed 10 November 1972 adopted as its own the decision and order of Deputy Commissioner Leake and affirmed the award. Defendant appealed.

*Clarence N. Gilbert for plaintiff appellees.*

*Attorney General Robert Morgan and Associate Attorney E. Thomas Maddox, Jr., for defendant appellant.*

HEDRICK, Judge.

[1] Defendant assigns as error the admission of testimony of plaintiff Andrew J. Bullman that the driver of the Highway Commission truck, Robert Greer Johnson, stated after the accident: "I hit you. I was a-coming so fast I couldn't stop."

Citing *Jones v. Aircraft Co.,* 251 N.C. 832, 112 S.E. 2d 257 (1960) and Stansbury, N. C. Evidence 2d, § 169, defendant contends the statement of the agent was inadmissible against the principal since it was in regard to a past occurrence not forming part of the *res gestae.*

Assuming arguendo that the statement made by the driver-employee was not part of the *res gestae,* its admission was not prejudicial error since the testimony of John Crawford Swilling that the Highway Commission truck was being operated at 60 miles per hour is sufficient to support the Commission's findings that the truck was being operated at an excessive rate of speed immediately prior to and at the time of the accident. *Osborne v. Ice Co.,* 249 N.C. 387, 106 S.E. 2d 573 (1959). Where there is any competent evidence to support a finding of the Industrial Commission, such finding is conclusive on appeal. *Mackey v. Highway Comm.,* 4 N.C. App. 630, 167 S.E. 2d 524 (1969) ; G.S. 143-293.

**[2]**  Defendant next assigns as error the conclusion of the Commission that appellant was negligent and that appellees were not contributorily negligent.

Findings of fact of the Industrial Commission, if supported by any competent evidence, are binding on appeal even though there is evidence which would support a contrary finding. *Stroud v. Memorial Hospital,* 15 N.C. App. 592, 190 S.E. 2d 392 (1972). The record contains sufficient competent evidence to support the material findings and conclusions of the Commission.

For the reasons stated, the opinion and award of the Industrial Commission is

Affirmed.

Judges CAMPBELL and BRITT concur.