The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner and have found no good grounds for reconsideration of the evidence, receiving further evidence, rehearing of the parties or their representatives, modifying, amending, or otherwise changing the prior Opinion and Award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following which were entered into by the parties as
STIPULATIONS
1. The North Carolina Industrial Commission has jurisdiction over the subject matter of this case, and the parties are properly before the Industrial Commission.
2. Sheila Brietweiser and James Dupree were employees were employees of the defendant on July 21, 1993.
* * * * * * * * * * *
The Full Commission adopt as their own, all findings of fact found by the Deputy Commissioner, as follows:
FINDINGS OF FACT
1. Plaintiff's testimony at the hearing on September 23, 1994, was credible and believable; however, plaintiff failed to name the employee who struck her car with a lawn mower, and she failed to prove that the employees of the defendant who were named as parties had acted or failed to act in a manner in which a reasonable person within the scope of their employment would have performed or refused to perform.
* * * * * * * * * * *
Based upon the findings of fact, as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission finds as follows:
CONCLUSIONS OF LAW
1. It is necessary to recover under the North Carolina Tort Claims Act that the plaintiff name the employee of the State of North Carolina who was allegedly negligent and describe the acts of negligence relied upon. Ayscue v. North Carolina State Highway Commission,270 N.C. 100 (1967); Brooks v. University of North Carolina,2 N.C. App. 157 (1968); Crawford v. Wayne County Board of Education,275 N.C. 354 (1969). Because plaintiff failed to name an employee or to describe an act of negligence by those who were named as parties, she is not entitled to compensation pursuant to the North Carolina Tort Claims Act. N.C. Gen. Stat. § 143-291 et. seq.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for compensation pursuant to the North Carolina Tort Claims Act must be and the same is hereby DISMISSED WITH PREJUDICE.
2. Each side shall pay its own costs.
 S/ _______________________________ MARY MOORE HOAG DEPUTY COMMISSIONER
CONCURRING:
S/ _____________________________ HOWARD BUNN COMMISSIONER
S/ _____________________________ J. RANDOLPH WARD COMMISSIONER
MMH:db June 16, 1995