***********
The Full Commission has reviewed the Deputy Commissioner's Decision and Order based on the record of the proceedings before the Deputy Commissioner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Decision and Order with minor modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the deputy commissioner hearing and in a Pre-Trial Agreement as
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and the North Carolina Industrial Commission has jurisdiction of the parties.
2. All parties are correctly designated and there is no question as to misjoinder or nonjoinder of the parties.
3. This action is filed with the North Carolina Industrial Commission pursuant to the provisions of the North Carolina Tort Claims Act. N.C.G.S. § 103-291 et seq., against the Administrative Office of the Courts.
 ***********
Based upon all the competent evidence adduced at the hearing, the undersigned makes the following additional
 FINDINGS OF FACT
1. Plaintiff has alleged that Martha Curran, Clerk of Superior Court for Mecklenburg County, was negligent in her duties when an unknown clerk wrongly entered a failure to appear in court for plaintiff instead of a dismissal in the Clerk of Court's computer. Plaintiff had received two traffic tickets on December 6, 1995 that plaintiff alleges were dismissed. One of the tickets was marked dismissed and the dismissal was apparently recorded in the Clerk's office. The other ticket was not dismissed in the records of the Clerk's office.
2. On March 10, 2000 at approximately 9:20 p.m., plaintiff was stopped in a traffic incident and arrested for driving with a revoked license by Officer Rogers, Monroe Police Department. Plaintiff was driving a commercial vehicle and carrying a Virginia drivers' license, with a North Carolina address, at the time of his arrest. It appears that after plaintiff's North Carolina license was revoked that he obtained a license in Virginia despite maintaining a North Carolina address.
3. Plaintiff failed to show that Martha Curran, Clerk of Superior Court for Mecklenburg County, was negligent in regards to the incident which allegedly occurred in her office.
4. Plaintiff has not named any other employees within the Clerk of Courts Office or stated with any specificity how these employees were negligent in carrying out their duties.
5. Plaintiff attempted to show negligence on the part of the clerk's office through the testimony of David Maloney, Assistant District Attorney in Mecklenburg County. Mr. Maloney had no knowledge of the procedures of the clerk's office in 1995 and more importantly, Mr. Maloney was not working in traffic court in 1995 and had no personal knowledge as to the events concerning plaintiff's case nor court procedures.
6. Plaintiff has attempted to assert through the theory of respondeat superior that the Clerk of Court was negligent in regards to these matters.
7. The Tort Claims Act requires that a plaintiff name the negligent employee and identify a specific negligent act. Although plaintiff has failed to name the specific person in the Clerk's office, other than the Clerk of the Superior Court, who performed the alleged negligent act or omission, the defendant did not secure a ruling from the Commission on its defense before the deputy commissioner hearing and thereby waived this challenge to the Commission's jurisdiction. If defendant had properly sought a ruling on its defense that plaintiff had not properly named the specific negligent employee(s), the plaintiff would have been afforded the opportunity to amend his pleading and cure any defect.
8. Plaintiff has failed to prove by the greater weight of the evidence the standard of care that was owed by the clerk of court to plaintiff and that this standard was breached and was a proximate cause of his damages. The only evidence as to the operation of the clerk of court's office is based on hearsay testimony to plaintiff from an unnamed magistrate and an unnamed assistant district attorney regarding his ticket and thereby is not accepted as competent evidence. Further, no certified copies of court records were provided at the deputy commissioner hearing to indicate plaintiff's allegations were true.
9. There was no evidence that any clerk input the wrong information into a computer.
10. Plaintiff has failed to prove by the greater weight of the evidence that anyone in the clerk of court's office had knowledge of the dismissal.
11. Plaintiff has failed to prove by the greater weight of the evidence that the allegedly incorrect information was forwarded to the North Carolina Department of Motor Vehicles.
12. There is no evidence of a failure to appear on plaintiff's North Carolina Department of Motor Vehicle record.
13. The evidence presented by plaintiff failed to establish by the greater weight of the credible evidence that the Clerk's office was negligent in failing to record the dismissal of the second ticket. From the evidence of record, it is as likely, if not more likely: (1) that the Assistant District Attorney who handled the two tickets only sought to dismiss the one ticket actually marked dismissed, thus leaving the other charge for trial; (2) that the Assistant District Attorney failed to mark and otherwise record that the second ticket was dismissed; (3) that the Assistant District Attorney failed to properly present the second dismissed ticket to the Magistrate; or, (4) that the Magistrate failed to present the evidence that the second ticket was dismissed to the Clerk's office for recording in the official records. Given these circumstances, the Full Commission finds that the greater weight of the credible evidence does not establish that the failure, if any, to record the dismissal of the second ticket occurred in the Clerk's office as alleged by plaintiff. The burden of proof was on plaintiff to establish that the second ticket was dismissed by the Assistant District Attorney in 1995 and that the failure to record the dismissal occurred in the office of the Clerk for the Superior Court of Mecklenburg County; plaintiff has failed to meet this burden by the greater weight of the credible evidence.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. Plaintiff has failed to establish that his March 10, 2000, arrest and any subsequent damages resulted from the negligence on the part of any named officer or agent of the Clerk's Office for the Superior Court of Mecklenburg County, while acting within the scope of his or her office, employment, service, agency or authority; Therefore, plaintiff is not entitled to recover damages in this action. N.C.G.S. § 143-291et seq.; See Taylor v. North Carolina Department of Correction,88 N.C. App. 446, 363 S.E.2d 868 (1988). Woolard v. North CarolinaDepartment of Transportation, 93 N.C. App. 214, 377 S.E.2d 267, cert.denied, 325 N.C. 230, 381 S.E.2d 792 (1989). N.C.G.S. § 143-297;Crawford v. Wayne County Bd. of Education, 275 N.C. 354, 168 S.E.2d 33
(1969).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING WITHOUT WRITTEN OPINION:
 S/_____________ THOMAS J. BOLCH COMMISSIONER