* * * * * * * * * * *
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 * * * * * * * * * * *
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On February 13, 2001, plaintiff, a prisoner incarcerated in the Southern Correctional Institution, became disruptive by cursing at the NCDOC staff. After initially refusing to submit, plaintiff was cuffed in full restraints in his cell. Notwithstanding the full *Page 2 
restraints, plaintiff remained disruptive, kicking his cell door and upsetting the order of the institution. Plaintiff was eventually placed in four-point restraints in order to cease his disruptive behavior.
2. Plaintiff claims negligence due to an alleged excessive use of force against him on February 13, 2001.
3. After disobeying orders to stop kicking his cell door, several correctional officers entered the cell and immobilized plaintiff. The officers used the four-point restraint method, placing him on his bed and restraining his extremities.
4. The four-point restraint is a technique authorized by NCDOC in circumstances in which an inmate is disruptive and unresponsive.
5. Plaintiff remained in this restraint for a period of less than 90 minutes. Per NCDOC procedure, immediately subsequent to plaintiff being restrained, Nurse Blake, a member of the prison's medical staff, checked plaintiff and noted no injuries.
6. Documents marked as defendant's exhibits 1 and 2 further detail the sequence of events of February 13, 2001.
7. In this case the NCDOC employees applied a reasonable and minimal amount of force necessary to secure plaintiff and maintain the order of the facility. The NCDOC officers acted in accordance with the appropriate policies and procedures in their initiation and execution of the "full restraint" and "four point restraint" techniques.
 * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows: *Page 3 
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that an injury was sustained that was the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. §143-291. The terms of the Tort Claims Act must be strictly construed.Northwestern Distrib., Inc. v. N.C. Dept. of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
4. Assuming, arguendo, that there was any negligence on NCDOC's part, plaintiff's own actions in being disruptive by cursing at the NCDOC staff, and then refusing to obey lawful and reasonable commands, were unreasonable under the circumstances. Therefore, plaintiff's own conduct would have been the cause of his injury, if any, and plaintiff would have been barred from recovery by his own contributory negligence.Crawford v. Wayne County Bd. Of Educ., 275 N.C. 354, 168 S.E. 2d 33
(1969).
 * * * * * * * * * * * *Page 4 
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and hereby is, DENIED.
2. No costs are assessed at this time.
This the 20th day of July, 2007.
S/________________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
S/________________________ BUCK LATTIMORE CHAIRMAN
S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1