***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Donovan. The appealing party has shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission rejects the Decision and Order of Deputy Commissioner Donovan.
 ***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Plaintiff's Exhibit #1: Drawing
2. Plaintiff's Exhibit #2: Correspondence
 3. Defendant's Exhibit #1: Medical records *Page 2 
 *********** ISSUES
Plaintiff alleges negligence on the part of defendant's employees/agents in the maintenance of the grounds along a sidewalk. On December 19, 2002, plaintiff slipped and fell off the edge of a sidewalk, injuring his left ankle. Defendant moved to dismiss plaintiff's claim on grounds that (1) plaintiff has failed to allege a violation of a duty of care; (2) plaintiff has failed to state a claim upon which relief can be granted in that plaintiff has failed to establish negligence on the part of defendant; (3) plaintiff's claim is barred by his contributory negligence; and (4) plaintiff's allegations constitute intentional acts. By Order of the Deputy Commissioner Donovan dated September 29, 2006, defendant's Motion was denied.
 ***********
On February 15, 2008, plaintiff filed a motion to dismiss defendant's appeal to the Full Commission for failure to timely file an appellate brief pursuant to Rule T305 of the Tort Claims Rules of the North Carolina Industrial Commission. Defendant's brief to the Full Commission was due on February 11, 2008. Defendant's brief and Form T-44 were timely filed with the North Carolina Industrial Commission on February 11, 2008 at 4:53 p.m. Therefore, plaintiff's motion to dismiss defendant's appeal is DENIED.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On the morning of December 19, 2002 at approximately 5:30 a.m., plaintiff and approximately 100 other inmates were walking on the sidewalk from the dormitory to the chow *Page 3 
hall for breakfast. Plaintiff had walked this same route on the sidewalk from the dormitory to the chow hall for three meals each day since he arrived at the Colombia Correctional Institution since November 2002.
2. The dirt that had been used to fill the area along side of the sidewalk had been washed out by rain. Defendant was aware of this problem as plaintiff's Exhibit #2 states that the dirt had been replaced on a regular basis. Further, the correspondence states that in recognition of the continuing problem a crushed rock was being considered as an alternative to the dirt that required frequent replacement. However, as plaintiff has walked the same path three times a day for over a month, plaintiff was aware that the soil had been eroded from the edge of the sidewalk.
3. Plaintiff testified that as he was walking down the sidewalk that he stepped off of the edge of the sidewalk onto an uneven area because of the crowd. Due to the lack of ground fill along the edge of the walk, plaintiff twisted his left ankle.
4. Plaintiff testified that as the prisoners were released from the dormitory to go to breakfast, he was in the middle of the group, but was pushed to the side and off of the sidewalk by other prisoners. Plaintiff and the other inmates were on the way to breakfast and not in an emergency situation. There was no evidence that plaintiff was required to stay within the middle of the group or that plaintiff was being rushed.
5. Plaintiff received medical attention and was treated with an ankle wrap and medication. Eventually, plaintiff was provided with crutches.
6. On January 28, 2003, plaintiff had x-rays taken that showed no deformities in the ankle, which remained slightly swollen. Plaintiff was given a boot brace to wear on the left foot. *Page 4 
7. The medical records provided by defendant show an uninterrupted pattern of requests for treatment by plaintiff for continuing swelling of the left ankle and worsening ankle pain. The medical records do not show any abatement in plaintiff's continuing symptoms.
8. At the hearing before the deputy commissioner, plaintiff presented his left ankle for viewing which was described on the record as still swollen, with dark bruising. Plaintiff continues to take pain medication and has not healed from the injury of December 19, 2002.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The State Tort Claims Act provides that the State is liable only for the negligent acts of its employees, but not for negligent omissions. N.C. Gen. Stat. § 143-291 et seq.; Isenhour v. Hutto, 129 N.C. App. 596, 501 S.E.2d 78 (1998), aff'd in par and rev'd in part onother grounds, 350 N.C. 601, 517 S.E.2d 121 (1999).
2. Defendant has a duty to exercise ordinary care to keep its premises in a reasonably safe condition. Lamm v. Bissette Realty, Inc.,327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990). Failure to do so constitutes negligence. See Roumillat v. Simplistic Enterprises, Inc., 331 N.C. 57,64, 414 S.E.2d 339, 342-43 (1992).
3. The greater weight of the evidence in this case shows that defendant's employees and agents were negligent in failing to maintain the premises. When plaintiff was forced off the sidewalk by the mass of men, because the ground around the sidewalk was negligently maintained by defendant, plaintiff sustained an injury to his left ankle. *Page 5 
4. However, "Every person having the capacity to exercise ordinary care for his own safety against injury is required by law to do so, and if he fails to exercise such care, and such failure, concurring or cooperating with the actionable negligence of defendant, contributes to the injury complained of, he is guilty of contributory negligence."Clark v. Roberts, 263 N.C. 336, 343, 139 S.E.2d 593, 597 (1965). As plaintiff was aware of the condition of the sidewalk and surrounding area, plaintiff failed to keep a proper lookout. Plaintiff was contributorily negligent by failing to act as a reasonable person would and by failing to exercise reasonable care.
5. Under the State Tort Claims Act, plaintiff's contributory negligence bars plaintiff from recovering damages. N.C. Gen. Stat. § 143-299.1; Crawford v. Wayne County Board of Education, 275 N.C. 354,168 S.E.2d 33 (1969).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for negligence is hereby DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 22nd day of April 2008.
S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1