***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gheen and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Gheen.
 ***********
The following documents were admitted into evidence as:
 EXHIBITS • Plaintiff's Exhibit 1: Plaintiff's Medical Treatment Records.
 • Defendant's Exhibit 1: Witness Statement Written by Plaintiff. *Page 2 
 • Defendant's Exhibit 2: Request for Protective Custody Written by Plaintiff.
 ***********
The parties' pleadings and the evidence of record engender the following:
 ISSUES
1. Were Defendant's employees under a duty of care to protect the Plaintiff against an assault and battery on September 4, 2002?
2. If so, did Defendant's employees breach that duty of care?
3. If so, was the breach of duty by Defendant's employees a proximate cause of plaintiff's personal injuries?
4. If so, to what amount of damages is Plaintiff entitled?
 ***********
By pretrial agreement, the parties have entered into the following Findings of Fact and Conclusions of Law as:
 STIPULATIONS
1. All parties are properly before the court, and the court has jurisdiction of the parties and the subject matter.
2. At all times pertinent to this action, Plaintiff was incarcerated in the custody of Defendant at Marion Correctional Institution.
3. At approximately 10:00 p.m. on September 4, 2002, inmate Roy Odom (hereinafter "Odom") sexually assaulted Plaintiff inside the prison cell to which Plaintiff was assigned. Shortly thereafter, Plaintiff submitted a handwritten note to the unit sergeant on duty indicating he had been assaulted and requesting that he be placed in protective custody. *Page 3 
4. Plaintiff was subsequently examined by medical service providers at the facility and taken to a local hospital for further evaluation. He remained in segregated custody from the night of September 4, 2002, until his eventual transfer to Caledonia Correctional Institution sometime thereafter.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On or about August 18, 2002, Plaintiff was threatened with physical and sexual violence by fellow inmate Stanley Ramseur (hereinafter "Ramseur"). Defendant's Correctional Officers and administrative staff knew Ramseur to be a known sexual predator.
2. On or about August 20, 2002, Plaintiff reported Ramseur's threat to Captain Denise Jackson (hereinafter "Capt. Jackson"), who was serving as the assistant unit manager for Plaintiff's housing unit. Plaintiff requested that he be moved to a different housing unit and that inmate Ramseur not be disciplined for the threat so that no one would suspect Plaintiff of "snitching" against inmate Ramseur. Plaintiff conveyed his concern to Capt. Jackson that if he were identified as the "snitch" that he would be the subject of retaliation.
3. Capt. Jackson, according to the standard operating procedures of the facility, could not accommodate Plaintiff's request. Instead, she initiated disciplinary proceedings against inmate Ramseur and offered Plaintiff protective custody if he so desired. Plaintiff, however, refused to be placed in protective custody at this time.
4. Plaintiff testified he was offered various assurances by Capt. Jackson that she would notify him before inmate Ramseur would be released from segregated confinement. *Page 4 
Plaintiff's testimony was contradicted by the testimony of Capt. Jackson. She testified that she would not have made such assurances to an inmate or have discussed the custody status of inmate Ramseur with any other inmate. Weighing the competing testimony, the Full Commission finds the greater weight of the evidence compels a finding that Capt. Jackson did not provide Plaintiff assurances that he would be advised of Ramseur's custody status or that Plaintiff would be notified when Ramseur was released from segregated confinement.
5. Less than a week after Plaintiff's meeting with Capt. Jackson, Defendant's staff reassigned Plaintiff to a different cell block because he was enrolled in a trade school at the facility. This transfer was arranged three days ahead of schedule in light of the problems Plaintiff had experienced with inmate Ramseur and to physically separate Plaintiff to a unit where Ramseur should not have access.
6. On or about September 2, 2002, inmate Ramseur was released from segregated confinement. Soon thereafter, one or more inmates approached Plaintiff and indicated that inmate Ramseur was seeking revenge by hiring an associate to assault him.
7. Plaintiff did not report this suspected threat to Defendant's employees and Plaintiff did not attempt to seek protective custody from Defendant's staff.
8. At approximately 10:00 p.m. on September 4, 2002, Plaintiff was inside his prison cell. Plaintiff left his door slightly ajar and therefore unsecured. Inmate Odom, who was housed in Plaintiff's new cell block, entered Plaintiff's cell through the unsecured door and pushed it closed behind him.
9. Odom's entry into Plaintiff's cell is in violation of Defendant's policies. Defendant constructed a secured observatory in the unit in which Defendant's employees are to constantly monitor prisoner activity. *Page 5 
10. Inmate Odom identified himself as Ramseur's associate who had been hired to assault Plaintiff. He further instructed Plaintiff to perform oral sex upon him if Plaintiff wanted to avoid more serious injury.
11. Plaintiff initially struggled to evade inmate Odom, which caused some commotion. After some period of time, Plaintiff was coerced into performing a sexual act with Odom. Following the assault, Odom managed to exit through the secured cell door. Plaintiff sustained no further injury once inmate Odom departed from his cell.
12. The proximity of the control booth to Plaintiff's cell is suggestive that the Correctional Officer on duty at the time saw, or should have seen, Odom's unauthorized entry into Plaintiff's cell or heard, or should have heard, the initial commotion emanating from the cell. However, there is no evidence in the record as to the Correctional Officer's activity during this period of time or the status of other activities in the unit at the relevant time by which the Correctional Officer's conduct, and his alleged negligence, can be evaluated from two perspectives: a) did or should the Correctional Officer have seen Odom enter the cell, or b) did or should the Correctional Officer have heard the initial commotion between Odom and the Plaintiff.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2007). The Act is in partial derogation of sovereign immunity, see Stone v. N.C. Dep't ofLabor, *Page 6 347 N.C. 473, 479, 495 S.E.2d 711, 714-15 (1998), and subjects the State to liability by application of respondeat superior based upon the conduct of an identified "officer, employee, involuntary servant, or agent" of the party-defendant. See Id.; see alsoWirth v. Bracey,258 N.C. 505, 507-08, 128 S.E.2d 810, 813 (1963).
2. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty, and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Defendant's employees owe a duty of reasonable care to prevent reasonably foreseeable injury from assaults to inmates within its custody and control. Taylor v. N.C. Dep't of Correction,88 N.C. App. 446, 451-52, 363 S.E.2d 868, 871 (1988). Nevertheless, Defendant is not the insurer of an inmate's safety and will not be held liable every time an inmate suffers injury. Id.
4. The test for what is "reasonably foreseeable" is whether "some injury would result from [the employee's] act or omission, or that consequences of a generally injurious nature might have been expected." Williamson v. Liptzin,141 N.C. App. 1, 11, 539 S.E.2d 313, 319 (2000). However, it is not sufficient that an injury be "merely possible" in order to hold a defendant liable for negligence. Id.; see also Phelps v. Cityof Winston-Salem, 272 N.C. 24, 30, 157 S.E.2d 719, 723 (1967).
5. The evidence establishes that Defendant's Correctional Officers responded appropriately to Plaintiff's initial report of Ramseur's threat. Ramseur was placed in segregated confinement and Plaintiff was moved to another unit, one that Ramseur would not have *Page 7 
permissible access. Defendant's response was within its duty of care to Plaintiff. N.C. Gen. Stat. § 143-291.
6. Plaintiff did convey to Defendant's Correctional Officers that if they took any action against Ramseur by which it could be induced that Plaintiff had reported the threat he could be subject to retaliation by Ramseur's associates. Plaintiff's concerns were reasonable, but were speculative at the time. After being reassigned to a new unit, Plaintiff did receive specific information that Ramseur was attempting to hire an inmate to retaliate against the Plaintiff. Plaintiff did not act with reasonable care for his own safety under the circumstances presented as he failed to report the immediate threat to Defendant's employees. Under the facts of this civil action, Plaintiff's failure constitutes contributory negligence. N.C. Gen. Stat. § 143-291(a); Thornton v. F. J. CherryHosp., 183 N.C. App. 177, 644 S.E.2d 369 (2007); Crawford v.Wayne Count Bd. of Educ., 275 N.C. 354, 168 S.E.2d 33 (1969).
7. Additionally, Plaintiff was guilty of contributory negligence in failing to secure his cell door after receiving notice that Ramseur was attempting to hire an inmate to retaliate against the Plaintiff despite his relocation to another unit. A person is guilty of contributory negligence if he or she does not use ordinary care for his safety. Taylor v. Walker,320 N.C. 729, 734, 360 S.E.2d 796, 799 (1987); Clark v.Roberts, 263 N.C. 336, 343, 139 S.E.2d 593, 597 (1965). Since Defendant has proven that Plaintiff's contributory negligence was a proximate cause of his injuries, Plaintiff is barred from recovery under the Tort Claims Act. N.C. Gen. Stat. § 143-291(a);Crawford v. Wayne Count Bd. of Educ.,275 N.C. 354, 168 S.E.2d 33 (1969).
8. Plaintiff's contentions that Defendant's Correctional Officers were negligent in failing to detect his assailant entering his cell, or detecting the attacker upon the initial commotion when Plaintiff resisted the assault, are not well taken. Plaintiff failed to produce *Page 8 
appreciable evidence of the actions or inactions of the Corrections Officer on duty at the control booth in proximity to Plaintiff's cell. The existence or degree of diligence and caution which is necessary to constitute due, reasonable, or ordinary care varies with changing conditions or with the facts and circumstances of each particular case, according to the exigencies which require vigilance and attention. Johnson v. Clay,38 N.C. App. 542, 248 S.E.2d 382 (1978). Defendant is not required to prove lack of negligence; and Plaintiff must affirmatively, and by greater weight of the evidence, prove that Defendant's employee or agent was negligent and that such negligence proximately caused him injury. Alexander v. Funeral Home, Inc., v. Pride,261 N.C. 723, 136 S.E2d 120 (1964).
9. Even assuming arguendo that the Correctional Officer staffing the control booth at the time was negligent, Plaintiff was contributorily negligent in failing to advise Defendant's staff that there was a reliable, immediate indication that he would be attacked and in leaving his cell door open with knowledge that Ramseur was seeking to hire an inmate to assault him. N.C. Gen. Stat. § 143-291(a); Crawford v. Wayne Count Bd. ofEduc., 275 N.C. 354, 168 S.E.2d 33 (1969).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed to Plaintiff, who was permitted to file this civil action in forma pauperis.
This the 26th day of May, 2011. *Page 9 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/__________________ LINDA CHEATHAM COMMISSIONER
 S/_______________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1