MAGGIE TEW SMITH, ADMR'X. OF EDNA BERNICE SMITH, DECEASED, V.
CUMBERLAND COUNTY BOARD OF EDUCATION AND N. C. STATE
BOARD OF EDUCATION.

(Filed 15 December, 1954.)

State § 3b—

Evidence tending to show that a fourteen-year-old pupil on a school bus
was assaulted by another pupil who had been designated by the principal
as "bus captain" but who was not an employee of the State or the Board of
Education, that she immediately jumped up and rushed to the front door
of the bus, jerked the door open, and jumped to her fatal injury, and that
the driver did not see anything that happened until she was going out the
door, *is held* insufficient to support a finding of negligence on the part of
the driver of the bus, and nonsuit is proper.

PLAINTIFF and defendants appeal from *Moore, J.,* March Term, 1954,
of CUMBERLAND.

This is a claim for wrongful death under the State Tort Claims Act,
Chapter 1059, Session Laws of 1951, now codified as Article 31, Chapter
143 of the General Statutes of North Carolina.

The testimony tends to show that James E. Williams, a bus driver em-
ployed by the Board of Education of Cumberland County, was driving a
school bus owned by the State of North Carolina, on the afternoon of
23 October, 1950, accompanied by one Clifton Godwin, a pupil who had
been designated as "bus captain" pursuant to a local arrangement. God-
win was not an employee of the defendant State agency, or of the State
of North Carolina, but had been given authority by the principal of the
school to assist the driver in maintaining order and discipline on the bus;
to assist in protecting the children as they dismounted from the bus, and
to report infractions of the rules and other misbehavior on the bus.

On the afternoon in question, all the pupils had gotten off the bus
except James E. Williams, Clifton Godwin, and Edna Bernice Smith, the
latter a 14-year-old girl. She was sitting midway of the bus. Clifton
Godwin asked her for his pencil and when he reached to get the pencil,
he placed his hands on her in a familiar and unbecoming manner. She
jumped up and rushed to the front of the bus, jerked the door of the bus
open and jumped out while the bus was traveling at a speed of about 28
miles per hour. She died a few minutes thereafter. There is no evidence
that she made any outcry when she was assaulted or that she spoke to
Godwin or the driver. The driver testified that he did not see anything
that happened until he saw the girl "going out the door."

The hearing Commissioner, among other things, found as a fact that it
was the duty of the bus driver to prevent students from leaving the bus
while it was in motion; that in failing to discover the assault and prevent

Edna Bernice Smith from jumping from the bus, the driver was guilty of negligence which was the proximate cause of her death.

Based on the above finding of fact and conclusion of law, an order was entered in favor of the plaintiff in the sum of $5,000. The defendants appealed to the Full Commission and the award was affirmed by a majority vote. The Chairman of the Commission dissented.

The defendants appealed to the Superior Court of Cumberland County and duly filed their exceptions to the findings of fact and conclusions of law found by the hearing Commissioner and adopted by the Full Commission.

The court below overruled the defendants' exception No. 4 to finding of fact No. 5, to the effect that the negligence on the part of the bus driver proximately caused the death of the deceased. The defendants excepted to this ruling on the ground that the finding is not supported by the evidence. The court, however, sustained the defendants' exception to the failure of the hearing Commissioner and the Full Commission to find that the deceased was guilty of contributory negligence. Whereupon, the court entered judgment reversing the order of the Industrial Commission awarding judgment to the plaintiff, and directing that the costs be taxed against the plaintiff. The plaintiff and defendants appeal, assigning error.

*J. Shepard Bryan for plaintiff.*

*Attorney-General McMullan, Assistant Attorney-General Love, and Gerald F. White, Member of Staff, for the State.*

PER CURIAM. We have carefully considered the evidence introduced before the hearing Commissioner and have concluded that the finding of negligence against the driver of the bus is not supported thereby. Therefore, the defendants' exception No. 4 should have been sustained. While the ruling of the court below on the defendants' exception with respect to the failure of the hearing Commissioner and the Full Commission to find that the deceased was guilty of contributory negligence resulted in a verdict for the defendants, we affirm the result on the ground that the evidence does not support the finding of negligence on the part of the driver of the bus rather than upon the conclusion that the deceased was contributorily negligent. As regrettable as the death of this young girl may be, we can find no legal basis for sustaining an award in favor of the plaintiff.

Modified and affirmed.