CLEO HUFF v. NORTHAMPTON COUNTY BOARD OF EDUCATION AND NORTH CAROLINA BOARD OF EDUCATION.

(Filed 20 March 1963.)

**1. State § 5a—**

A county or city board of education may be held liable under the Tort Claims Act for negligence of the driver of a school bus employed by such units, but may not be held liable for negligence of a school principal or of the county or city board of education. G.S. 143-300.1.

**2. Same—**

The State Board of Education has been relieved of all responsibility in connection with the operation and control of school buses, and therefore may not be held liable for any negligence in connection with the operation thereof. G.S. 115-180, *et seq.*

**3. State § 5d—**

Evidence that two girls on a school bus engaged in a fight while the bus was being driven by its regular driver and that more than seven months thereafter they engaged in another fight while the bus was being driven by the monitor who had been appointed substitute driver, *held* insufficient to establish negligence on the part of the driver which could constitute a proximate cause of the serious injury sustained by one of the girls in the second fight, even though the first driver failed to report the incident as required by regulations, since the second fight and resulting injuries some seven months after the first could not have been reasonably foreseen.

**4. Same—**

The act of a pupil in voluntarily entering into a fight with another on a school bus constitutes contributory negligence barring recovery against the county board of education under the Tort Claims Act for injury received in such fight. G.S. 143-291.

**5. Same—**

The failure to have a monitor in addition to the driver on a school bus cannot be held for negligence since the appointment of a monitor is a matter of discretion of the school board.

6. State § 4—

A county board of education is subject to suit in tort only insofar as it has waived its governmental immunity, and may be held liable for negligent injury to a pupil on a school bus only if it has procured liability insurance, G.S. 115-53, or to the extent it may be held liable under the State Tort Claims Act.

PARKER, J., concurring in result.

APPEAL by plaintiff from *Cowper, J.,* October Civil Term 1962 of NORTHAMPTON.

This is a proceeding brought pursuant to the provisions of the North Carolina Tort Claims Act to recover damages for injuries sustained when the plaintiff, Cleo Huff, age 17, while riding on a school bus operated by the County Board of Education of Northampton County, on 25 May 1960, was seriously injured in her upper right arm, left wrist and right hand, by cuts inflicted with a knife by Odessie Sykes, a fellow student passenger.

The evidence tends to show that James Broadnax was employed during the school year 1959-60 as a bus driver for Gumberry High School in Northampton County; that, according to the testimony of the school principal, George Vincent was appointed monitor for the bus driven by Broadnax; that Broadnax drove school bus No. 45, and among the regular passengers on that bus were Cleo Huff and Odessie Sykes. That on or about 15 October 1959 these girls had an argument and got into a fight. Broadnax stopped the bus and stopped the fight. On that occasion Odessie Sykes cut the left arm of Cleo Huff. The driver did not report the incident to the principal of the school although he had been instructed to report any misconduct to the school principal. At the time of the fight only five or six students remained on the bus. George Vincent, the monitor, had already left the bus. In fact, the driver of the bus did not know that Vincent had been appointed a monitor for the bus.

When the fight occurred on 25 May 1960, George Vincent, the monitor, had been instructed to drive the bus in the absence of the regular driver.

The evidence further tends to show that there was no misconduct on the bus between 15 October 1959 and 25 May 1960.

Cleo Huff testified: " * * * (T)he day before school ended, we were going home that afternoon, and I was up there so me and her we hit at each other about the same time, and Thurman Paytiller stood in between us and then she cut me. That is all I know. She stabbed me, right here, and here."

George Vincent testified that he was the substitute driver of the bus on 25 May 1960; that he had no prior knowledge of any ill will between Cleo Huff and Odessie Sykes; that he didn't see the fight and knew nothing about it until it was over; that prior to the fight Odessie Sykes was sitting near the front of the bus on the right-hand side, in the third or fourth seat from the front. "When I saw the Huff girl, she was coming up the aisle. * * * (S)he was coming from the rear of the bus. After the cutting occurred, I tried to help her as far as I could." This witness rendered first aid, left the Huff girl at a store and she was carried by ambulance to the hospital.

On the facts found the deputy commissioner held that the plaintiff did not suffer damages by any negligent act or omission of the defendant County Board of Education, nor were the damages suffered by the plaintiff reasonably foreseeable by the said Board of Education. The plaintiff's claim for damages was denied.

On appeal to the full Commission, the Commission adopted as its own the findings and result reached by the deputy commissioner.

On appeal to the Superior Court the order of the full Commission was affirmed.

The plaintiff appeals, assigning error.

*Gilliland & Clayton for plaintiff appellant.*
*E. B. Grant for defendant appellee County Board of Education.*

DENNY, C.J.   The appellant assigns as error the finding of fact to the effect that the attack and injuries inflicted on Cleo Huff by Odessie Sykes were not reasonably foreseeable by either the principal or the Board of Education operating the bus in question nor were the damages suffered by the plaintiff on the occasion in question proximately caused by any negligent act or omission of the principal or Board of Education.

An award against a county board of education under the provisions of the Tort Claims Act may not be predicated on the negligent act or omission of a school principal or the county board of education, but if an award is made it must be based on the negligent act or omission of the driver of a public school bus who was employed at the time by the county or city administrative unit of which such board was the governing body. G.S. 143-300.1.

The General Assembly of North Carolina relieved the State Board of Education from all responsibility in connection with the operation and control of school buses in this State by the enactment of Chapter 1372 of the North Carolina Session Laws of 1955, which Act authorizes

county and city boards of education to operate buses for the transportation of pupils enrolled in the public schools of such county or city administrative units. This chapter is now codified as G.S. 115-180, et seq.

It it provided in G.S. 143-300.1, 1961 cummulative supplement, *inter alia*: "Claims against county and city boards of education for accidents involving school buses or school transportation service vehicles. — (a) The North Carolina Industrial Commission shall have jurisdiction to hear and determine tort claims against any county board of education or any city board of education, which claims arise as a result of any alleged negligent act or omission of the driver of a public school bus or school transportation service vehicle when the salary of such driver is paid from the State Nine Months School Fund who is an employee of the county or city administrative unit of which such board is the governing board, and which driver was at the time of such alleged negligent act or omission operating a public school bus or school transportation service vehicle in the course of his employment by such administrative unit or such board."

The evidence on this record is insufficient to establish that any negligent act or omission in the operation of the school bus by the driver thereof was the proximate cause or one of the proximate causes of plaintiff's injuries. The evidence does not disclose any misconduct on the part of any student riding the bus driven by James Broadnax after 15 October 1959, until 25 May 1960 while the bus was being driven by George Vincent, more than seven months after the first occurrence, that would give any one any reason to suspect a second fight between the parties involved. Moreover, there is no evidence tending to show any negligent act or omission on the part of the driver of the bus on 25 May 1960 that could by any stretch of the imagination be construed as a proximate cause of plaintiff's injuries.

On the other hand, the Tort Claims Act does not authorize recovery unless the claimant is free from contributory negligence. G.S. 143-291. We think the plaintiff's evidence tends to show that she moved from the rear of the bus immediately before the fight occurred and while the bus was in motion and voluntarily entered into the fight that resulted in her injuries.

In the case of *Smith v. Board of Education*, 241 N.C. 305, 84 S.E. 2d 903, a 14-year-old pupil on a school bus was assaulted by another pupil. The 14-year-old pupil rushed to the front of the bus, jerked the door open and jumped to her death. The driver did not see anything that happened until she was going out of the door of the bus. The hearing commissioner held that it was the duty of the bus driver to

prevent students from leaving the bus while it was in motion; that in failing to discover the assault and prevent the child from jumping from the bus the driver was guilty of negligence which was the proximate cause of her death. An award for $5,000 was entered in favor of the plaintiff. The full Commission affirmed by majority vote. On appeal to the Superior Court, the court sustained the defendant's exception to the failure of the hearing commissioner and the full Commission to find that the defendant was guilty of contributory negligence, and set aside the award. On appeal to this Court we affirmed on the ground that the evidence was insufficient to support a finding that the driver of the bus was negligent rather than upon the conclusion that the decedent was guilty of contributory negligence.

The appellant herein assigns as error the failure of the court below to find that the school principal was negligent in not having a monitor on said bus at the time the plaintiff sustained her injuries.

As a matter of fact, according to the evidence, the driver of the bus at the time complained of was the regular monitor. However, he had been assigned on 25 May 1960 as a substitute driver for James Broadnax, the regular bus driver. Furthermore, whether or not the principal should have appointed a monitor as a substitute for Vincent since he was driving the bus, was a matter in the discretion of the principal.

G.S. 115-185 (d) provides: "The principal of a school, to which a school bus has been assigned, may in his discretion, appoint a monitor for any bus so assigned to such school. It shall be the duty of such monitor, subject to the direction of the driver of the bus, to preserve order upon the bus and do such other things as may be appropriate for the safety of the pupils and employees assigned to such bus while boarding such bus, alighting therefrom or being transported thereon, and to require such pupils and employees to conform to the rules and regulations established by the county or city board of education for the safety of pupils and employees upon school buses."

However, as heretofore pointed out, the Tort Claims Act does not authorize a recovery against a county board of education for the negligent act or omissions of its agents, servants and employees except for a claim based upon a negligent act or omission of a driver of a school bus employed by the board from which recovery is sought.

A county board of education, "unless it has duly waived immunity from tort liability, as authorized in G.S. 115-53, is not liable in a tort action or proceeding involving a tort except such liability as may be established under our Tort Claims Act. G.S. 143-291 through 143-300.1 * * *." *Fields v. Board of Education*, 251 N.C. 699, 111 S.E. 2d 910.

It appears from the record in this case that the County Board of Education of Northampton County has not waived its immunity and does not carry liability insurance as authorized by G.S. 115-53.

In our opinion, the evidence in this proceeding is insufficient to support a finding that the negligent acts or omissions of James Broadnax or George Vincent, the drivers of the school bus involved, on the occasions complained of, were the proximate cause of the plaintiff's injuries. Therefore, the result reached by the Industrial Commission and affirmed by the Superior Court will be upheld for the reasons set out in this opinion.

Affirmed.

PARKER, J., concurring in the result. The claimant, Cleo Huff, testified before the deputy hearing commissioner as follows:

"On the day in question, October 15, 1959, that afternoon we were almost at the church, me and Brenda, we were talking. So this Molly Sykes she said something. . .That is Odessie's sister. We weren't far from the church so I got off at the church. The next morning when I got on the bus she came up and told me that she was fussing at Brenda. By then, the bus hadn't even gotten to Brenda. After then she left and she and Brenda started fighting and then Odessie Sykes, she was arguing at me and said she was going to make some rules to go by on the bus. So Molly started fighting and we fought until James stopped the bus, and came back and stopped us. That afternoon, after we got to Brenda's turn, the bus stopped to put Brenda off, Brenda got to the door and I heard Odessie say, "Ain't you going to do something?" Then Molly came over to where I was. She jumped on me and started fighting. Yes, this was in the bus when she jumped on me and started fighting. I saw Odessie up and she cut me. This was on or about the 15th of October 1959. On the way home in the afternoon, the occasion I was cut. I was cut right here on the left arm. Brenda told James, the driver of the bus, that she had a knife. When he got back there she had cut me then. There was never any monitor on the bus at all during the year that I know of.

"Later in the school year, the day before school ended, we were going home that afternoon, and I was up there so me and her we hit at each other about the same time, and Thurman Paytiller stood in between us and then she cut me. That is all I know. She stabbed me, right here, and here."

In my opinion, the injuries received on 25 May 1960 by the claimant, Cleo Huff, could have been reasonably foreseeable by the Nort-

hampton County Board of Education, if Broadnax, the driver of the school bus on 15 October 1959, had not negligently failed to report to the Northampton County Board of Education what had taken place on the school bus on 15 October 1959, and the findings of fact of the deputy hearing commissioner, affirmed by the Full Commission, and the Judge, to the contrary are not supported by competent evidence. As I read the record, claimant on her own testimony was guilty of contributory negligence in voluntarily entering into the fight on 25 May 1960 in which she was cut, and therefore by her own showing she is barred of any recovery under our State Tort Claims Act, General Statutes Chapter 143, Article 31. For that reason I concur in the result.