The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties on January 23, 1995 as:
STIPULATIONS
1. The date of the alleged incident was November 13, 1990.
2. On that date, Denna Byrd was employed by the defendant as a school bus driver and was acting within the course and scope of her employment.
3. Natasha Jackson was a student passenger on the bus driven by Byrd.
4. Corey Neal was the operator of a BMW vehicle which collided with defendant's school bus.
5. The parties stipulated into evidence a police report, a school bus accident report, medical records and invoices of the plaintiff and a transcript of the previous deposition of Corey Neal.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At approximately 2:50 p.m. on the afternoon of November 13, 1990, Denna Byrd was driving the defendant's school bus in a northerly direction on Nations Ford Road in Charlotte, North Carolina. As she approached the intersection of Nations Ford Road and Huntsmoor Drive, Ms. Byrd turned on her left turn signal. A yellow Cadillac which was approaching the school bus from the opposite direction stopped and the driver motioned Ms. Byrd to turn left onto Huntsmoor Drive. As the bus was in the process of making its turn, Ms. Byrd saw a maroon BMW coming around the curve toward her at a high rate of speed. The BMW moved to the left to avoid rear ending the stopped yellow car. Ms. Byrd could not stop the bus so she decided to continue her turn in an effort to evade the oncoming vehicle. She was unsuccessful and the BMW hit the right rear of the school bus near the rear wheel and bumper. As a result of the collision, there was substantial damage to both vehicles.
2. At the location of this accident, Nations Ford Road is a two-lane road with one travel lane in each direction. Huntsmoor Drive is a residential street. The speed limit on Nations Ford Road was thirty-five (35) miles per hour. There were no roadway defects, vehicle defects or adverse weather conditions at the time of the accident.
3. At the time in question, Corey Neal was driving a 1985 BMW 318 five speed vehicle in a southerly direction on Nations Ford Road. As he approached Huntsmoor Drive, Neal observed a school bus making a left turn. He claims that he "applied the brakes, and it was basically too late." His car collided with the school bus near the right rear wheel of the bus. There were no skid marks made by Neal's vehicle, and he did not hear tires squealing when he put on the brakes.
4. The school bus was in the process of making its turn when Neal first saw it. He did not notice the bus coming down the road before making its turn. Neal did not notice whether the bus had a left turn signal on.
5. A bright colored automobile was stopped in the travel lane of Nations Ford Road headed in the same direction as the Neal vehicle. There was a curb along the right side of the roadway of the southbound lane. The vehicle was stopped in the paved travel lane inside curbing. The vehicle was stopped at the corner of Nations Ford and the side street (Huntsmoor Drive). Neal did not observe any brake lights on the stopped vehicle as he approached from behind. In fact, he didn't even see the stopped vehicle. He first observed it "right after the collision". Defendant's school bus involved in this incident was a typical yellow school bus. It was one of the larger school buses.
6. The bus driver in this case was not negligent. Mr. Corey Neal, the driver of the BMW, was negligent in that he failed to keep a proper lookout. He also failed to operate his vehicle at a safe speed under the circumstances.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. If an award is to be made under the Tort Claims Act, it must be based upon a negligent act or omission of the driver of a public school bus in the operation of the bus for the local board of education. N.C. Gen. Stat. § 143-300.1(a); Huff v. Northampton CountyBoard of Education, 259 N.C. 75, 130 S.E.2d 26 (1963).
2. The evidence is clear that Corey Neal did not reduce speed to avoid an accident. There were no skid marks which indicate that the Neal vehicle did not reduce speed prior to impact. See, Tyndall v. Hines, 226 N.C. 620, 39 S.E.2d 828
(1946); Hicks v. Reavis, 78 N.C. App. 315, 337 S.E.2d 121 (1985); Brandis, N.C. Evidence, § 131 (3rd Ed. 1993).
3. Since the named employee was not negligent in this matter and Mr. Neal was the negligent party, plaintiff cannot recover under the Tort Claims Act against the defendant-employer. N.C. Gen. Stat. § 143-291.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim under the Tort Claims Act is hereby DENIED.
2. Each side shall pay its own costs.
3. Any claim that plaintiff has is against Corey Neal and not the defendant in this case.
 S/ ___________________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________________ LAURA K. MAVRETIC COMMISSIONER