***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gregory. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Decision and Order.
 ***********
Based upon the competent evidence adduced at hearing, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 11, 2000, plaintiff filed this tort claim with the Industrial Commission. Plaintiff alleged in his affidavit that, on July 15, 2000, while plaintiff was incarcerated at Polk Youth Institution, he suffered from an excessive use of force by Corrections Officers Still and Satterwhite, who is now a Sergeant. Plaintiff further alleged that this use of force resulted in a cut near his left eye and a broken blood vessel in his right eye.
2. On July 15, 2000, plaintiff was housed in the high security H-con unit at Polk Youth Institution in Butner. Plaintiff began kicking and beating on his cell door creating a disturbance after exchanging inappropriate remarks with Corrections Officer Ebbert. When told to stop kicking his door, plaintiff refused and continued. As plaintiff was causing a disturbance, he was given a direct order to cease by Sergeant Gina Oaks. Because plaintiff refused to cease, he was given another direct order pursuant to safety procedures to place his hands through the door flap to be hand cuffed. Plaintiff likewise refused this direct order. As it was impossible to hand cuff plaintiff who would not place his hands through the slot, standard procedure next calls for the use of chemical force or pepper spray. However, plaintiff had placed his mattress over the door and sealed any cracks in the cell with tissue paper to prevent the effective use of pepper spray. As chemical force was not possible, the standard procedure next calls for a use of force. Consequently, a use of force team was formed to restrain plaintiff.
3. The team was assembled and briefed with then Corrections Officer Satterwhite acting as the "shield" officer whose role is to pin or subdue plaintiff while the others put him in restraints. Sergeant Oaks was the supervisory team member and Officer Still and another officer were to restrain plaintiff.
4. Prior to the use of force, several direct orders were given to plaintiff with five minutes between each order with at least 15 minutes elapsing before force was used. Furthermore, in their decision to use force, Sergeant Gina Oaks and her team considered plaintiff's level of aggressiveness and his record.
5. Plaintiff failed to yield to the additional direct orders and the assembled team entered the cell. Because of the position of the mattress, now Sergeant Satterwhite tripped and fell. The officer following him also fell after tripping on the mattress. When Officer Still who was the third officer came through the door, he noticed plaintiff's left hand was hidden and was concerned about a weapon. Officer Still pushed plaintiff to the concrete bunk, which was bare due to the missing mattress. Plaintiff gripped Officer Still's arm and would not let go. Therefore, Sergeant Satterwhite got on top of plaintiff who was half on and half off the bunk and Officer Still hit plaintiff in the shoulder several times in an effort to free himself from plaintiff's grip. Sergeant Oaks, who was initially there only to supervise the team, became involved due to the fact that the officers were having difficulty. Sergeant Oaks pepper sprayed plaintiff who then released Officer Still's arm and the others were able to restrain plaintiff.
7. Due to the struggle, plaintiff and two of the officers required medical attention. Specifically, plaintiff suffered scratches and a cut above his left eye from the struggle. Plaintiff received all necessary medical assistance from the nurse.
8. Plaintiff's actions required that Sergeant Oaks and her team use force under the circumstances and reasonable care was exercised and standard policies and procedures were reasonable under the circumstances. Furthermore, the use of force was an intentional act on the part of the agents of defendant.
 ***********
Based upon the competent evidence adduced at hearing, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the defendant agency. N.C. Gen. Stat. § 143-291 et seq. and Ayscue v. HighwayCommission, 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v. DOT,93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
3. The Tort Claims Act must be strictly construed. NorthwesternDistributors, Inc. v. DOT, 41 N.C. App. 548, 255 S.E.2d 203, cert.denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
4. Plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. Plaintiff must prove (1) existence of a duty to him; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; (4) as a proximate result of the breach of duty. Pulley v. Rex Hospital,326 N.C. 701, 392 S.E.2d 380 (1990), Bolkir v. NCSU, 321 N.C. 706,365 S.E.2d 898 (1988).
5. Plaintiff has not proven that any officers, agents or employees of defendant were negligent or that he sustained any injuries as a proximate result of the negligent actions of any office, agent, or employee of defendant. Bolkir v. NCSU, 321 N.C. 706, 365 S.E.2d 898 (1988).
6. Furthermore, even if plaintiff had proven negligence on behalf of defendant, the Tort Claims Act does not authorize recovery unless the claimant is free from contributory negligence. Plaintiff's actions in the instant case constitute contributory negligence and prevent his recovery. Huff v. Northampton Bd. of Educ., 259 N.C. 75, 130 S.E.2d 26
(1963).
7. Finally, recovery is not allowed under the Act for any intentional acts by defendant's agents. Collins v. North Carolina Parole Commission,344 N.C. 179, 473 S.E.2d 1 (1996).
 ***********
Based upon the competent evidence adduced at hearing, the Full Commission makes the following:
 ORDER
1. Plaintiff's claim is hereby and the same shall be denied.
2. Each side shall pay its own costs.
This the 17th day of September 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER