***********
The Full Commission reviewed the prior Decisions and Orders based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs before the Full Commission. Pursuant to the Rules of the Industrial Commission, the Full Commission waived oral argument. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the prior Decisions and Orders. The Full Commission therefore affirms the Decision and Order of the Deputy Commissioner with minor modifications.
 ***********
The following documents were received into evidence by the Deputy Commissioner as:
 EXHIBITS
In case No. TA-18102:
1. Plaintiff's Exhibit #1: Medical bills;
2. Plaintiff's Exhibit #2: X-ray bill; and,
3. Plaintiff's Exhibit #3: Chiropractor bill.
In case No. TA-18103:
4. Plaintiff's Exhibit #4: Hospital bill;
5. Plaintiff's Exhibit #5: X-ray bill; and,
6. Plaintiff's Exhibit #6: Chiropractor bill.
 ***********
Based upon the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On May 13, 2000, the minor plaintiffs were passengers on a Cumberland County school bus taking them to a Saturday tutoring session held at their school. Pauline Page was the operator of the bus.
2. The bus was traveling in the right hand lane going eastward on Grove Street in Fayetteville, North Carolina. A truck was traveling beside the bus in the left lane, also traveling east on Grove Street. As the vehicles approached the intersection of B Street, the right rear of the truck struck the left side of the bus with sufficient force to detach the closed stop sign attached to the bus.
3. Following the accident, the minor plaintiffs continued to the school and subsequently received medical treatment for injuries sustained as a result of the accident.
4. Neither minor plaintiff was able to state the cause of the collision, and no other witness statements (other than Pauline Page's testimony) or police reports regarding the nature or cause of the collision was admitted into evidence. A document purporting to be the police report of the accident was tendered by plaintiffs but was not admitted because it was not authenticated.
5. Ms. Page testified, and the Full Commission finds as fact, that she was driving within the speed limit, that she remained in her lane while approaching B street and that she had not yet reached the corner or begun to turn the bus prior to the collision. There was no contradictory evidence presented.
6. There is no evidence to support the contention that Ms. Page or any other agent of the Cumberland County Board of Education was negligent in the operation of the bus or that Ms. Page's actions were in any way a contributing cause of the accident.
7. The hearsay testimony concerning what Ms. Page allegedly said during an "arbitration" proceeding is inadmissible as proof of her negligence. Even if it had been admitted, what was reported concerning her testimony was vague and is, thus, afforded little evidentiary weight.
7. Plaintiffs did not file a brief with the Full Commission. They relied solely on their Form 44 Application for Review, which raised the following:
(1) Judgment should have been for the plaintiffs based upon the properly admitted admission of the party-opponent (Pauline page, an employee of the Cumberland County Board of Education) which was substantial evidence of negligence in this matter. See Transcript page 44.
(2) The police report of the accident in this case should have been admitted as evidence and objection to its admission should have been overruled. See Transcript page 6.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. The State Tort Claims Act provides that in order to prevail in a claim for damages against a county board of education resulting from injuries sustained while on a county school bus, plaintiffs must prove a negligent act or omission of the driver of the school bus. N.C. Gen. Stat. § 143-300.1; Huff v. Northampton County Bd. ofEduc., 259 N.C. 75, 130 S.E.2d 26 (1963).
2. The evidence presented in this case regarding the actions of Ms. Page do not show that she was negligent in the operation of the bus on May 13, 2000; therefore, plaintiffs' claim for damages resulting from the collision with a truck on May 13, 2000, must be denied. N.C. Gen. Stat. § 143-300.1.
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, the Full Commission therefore and Orders:
 ORDERED
1. Plaintiffs' claims for damages pursuant to the Tort Claims Act must be and are hereby, DENIED.
2. Each party shall bear its own costs.
This 17th day of May 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER