* * * * * * * * * * *
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments before the Full Commission. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with modifications the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and the subject matter.
2. On April 2, 2000, Sara Locklear, William Hilton, Sabrina Barrett and Michael L. Colton were employees of the North Carolina Department of Correction, and all actions taken by any of them pertinent to this action were in the course of said employment.
3. On April 2, 2000, plaintiff was an inmate in the protective custody of defendant, housed in D Block of Hoke Correctional Institution.
4. On April 2, 2000, Kenneth Polston was an inmate of defendant, housed on D Block of Hoke Correctional Institution, on disciplinary segregation.
5. The following exhibits were admitted into evidence at the Deputy Commissioner's hearing:
 a. Plaintiff's Exhibit #A: Incident Report
 b. Plaintiff's Exhibit #B: Correspondence
 c. Plaintiff's Exhibit #C: Hoke Correctional Institutional Standard Operating Procedures regarding Administrative Segregation
 d. . Plaintiff's Exhibit #D: Office Memorandum regarding Securing/Escorting Segregated Inmates dated October 13, 1998
 e. Plaintiff's Exhibit #E: Order of Judge Ronald Stephens
 f. Plaintiff's Exhibit #F: Medical Records
 g. Plaintiff's Exhibit #G: Drawing of D Block, offered for illustrative purposes only
 h. Defendant's Exhibit #8: Medical records *Page 3 
6. On September 15, 2003, plaintiff filed an Affidavit alleging that he had suffered an injury as the result of the negligence of defendant by and through its employee agents Sara Locklear, William Hilton, Sabrina Barrett and Michael L. Colton at Hoke Correctional Institution in Raeford, North Carolina. Plaintiff maintains that on that date, another inmate, Kenneth Polston, was negligently moved from his segregated cell and permitted access to plaintiff allowing him to conduct an assault against plaintiff causing injury. Defendant filed a Motion to Dismiss with the Answer, contending that (1) plaintiff was working at the time of his injury and should be limited to a workers' compensation action; (2) plaintiff has failed to state a claim upon which relief could be granted; and (3) contributory negligence. Defendant's Motion was denied by the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. In January 2000, plaintiff was housed in protective custody in D Block of Hoke Correctional Institution. Plaintiff witnessed a stabbing and was cooperating with prison officials in their investigation. As a result of his cooperation, plaintiff was subject to physical and mental abuse by other inmates, necessitating his protection.
2. On January 5, 2000, plaintiff reported that another inmate, Kenneth Polston, stole a radio out of plaintiff's cell. On January 6, 2000, inmate Polston attacked plaintiff with a razor blade, causing injury to plaintiff. *Page 4 
3. As a result of the attack, inmate Polston was demoted to close custody and received six months long-term segregation. However, rather than being moved to a separate part of the facility, inmate Polston was permitted to remain in custody on D Block.
4. Inmate Polston was housed in Cell No. 21, approximately in the center of the side of the D Block day room. The television was located at the far end of the day room and the showers and sally port were located at the opposite end of the day room.
5. On April 2, 2000, plaintiff and other inmates were in the open day room area of D Block. Officer Hilton took inmate Polston out of his cell to shower and participate in recreation in the sally port area. He ordered the other inmates to the television end of the room while inmate Polston was moved.
6. While inmate Polston was showering, plaintiff returned to his cell for a moment and then returned to the day room and began picking up newspapers. When inmate Polston was ready to return to his cell, he was handcuffed with his hands in front and Officer Hilton called Officer Locklear for assistance in moving inmate Polston back to his cell.
7. Officer Hilton testified that he ordered the other inmates in the day room to go to the far end of the room by the television so that he could move inmate Polston. However, plaintiff testified that Officer Hilton did not order the inmates to the far end of the day room before returning inmate Polston to his cell. In her testimony, Officer Locklear did not state that Officer Hilton ordered the other inmates to the far end of the day room prior to moving inmate Polston back to his cell.
8. Plaintiff was near a table in the center of the day room picking up newspapers when inmate Polston was moved back to his cell. Plaintiff was not with the other inmates near the television at the other end of the room. Inmate Polston was walking in front of two guards *Page 5 
and other than handcuffs, he was not restrained. While walking towards his cell, inmate Polston rushed at plaintiff and threw him against a podium that was bolted to the wall of the room. Plaintiff hit the podium and lost consciousness for a few minutes. As a result of the impact, plaintiff suffered back and neck pain for which he received medication.
9. Defendant admitted that the procedure in effect on April 2, 2000 required guards to place all other inmates in their locked cells prior to removing a segregated inmate from his cell. Officer Hilton knew that inmate Polston was in segregated custody and that plaintiff was in protective custody. Officer Hilton admitted that he did not follow proper mandated procedure on the date in question and that it was the guards' common practice at Hoke Correctional Institute not to follow proper mandated procedure.
10. Based upon the greater weight of the evidence, the Commission finds Officer Hilton's statement that he ordered the inmates to the far end of the day room prior to moving inmate Polston not credible and therefore, plaintiff was not contributorily negligent.
11. Since the April 2, 2000 incident, plaintiff has continued to receive medication for persistent back and neck pain. On January 23, 2001, plaintiff underwent an MRI of his neck that showed a "central broad based cervical disc herniation of C5-C6 without a defined mass effect on the cord. The cervical disc herniation extends to the ventral cord surface." Surgery was recommended and plaintiff was given a 50% chance of improvement; however, plaintiff declined to have surgery. The medical evidence of record is insufficient to prove any causal relationship between the assault and the herniated disc. The only medical expert to testify, Dr. Abhay Aragwal, testified for defendant. According to Dr. Agarwal, the attack on plaintiff did not cause any acute injury to plaintiff's neck. After the injury, plaintiff had no neurologic findings, no *Page 6 
weakness or loss of sensation in his extremities. Plaintiff's injuries were chronic and degenerative in nature. Plaintiff continues to receive conservative treatment for his symptoms.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. "Under the Tort Claims Act, negligence is determined by the same rules as those applicable to private parties." Bolkhir v. N.C. StateUniv., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). To establish negligence a plaintiff must show that defendant failed to exercise due care in the performance of a legal duty owed to plaintiff and that the negligent breach of that duty was the proximate cause of plaintiff's injury. Id.
2. "[T]he general rule [is] that `a prison official is liable when he knows of, or in the exercise of reasonable care, should anticipate danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners.'" Taylor v.North Carolina Department of Correction, 88 N.C. App. 446, 451,363 S.E.2d 868, 87l (1988) (quoting Williams v. Adams, 288 N.C. 501, 504,219 S.E.2d 198, 200 (1975). It is equally established law that the N.C. Department of Correction is "not an insurer of the safety of every inmate and will not be found liable for negligence every time one inmate assaults another . . ." Taylor, 88 N.C.App. at 452-53,363 S.E.2d at 871.
3. In this case, the named employee of defendant could reasonably have foreseen that plaintiff was in danger. Officer Hilton had a duty to protect plaintiff from foreseeable assaults. Officer Hilton's failure to follow mandated procedure by placing all other inmates in *Page 7 
their locked cells prior to removing a segregated inmate from his cell constituted a breach of duty to plaintiff. Taylor, supra.
4. The burden of proving damages is on the party seeking those damages. Olivetti Corp. v. Ames Business Systems, Inc., 319 N.C. 534,547, 356, S.E.2d. 578, 586 (1987), citing Brown v. Moore, 286 N.C. 664, 213, S.E.2d 342 (1975). In this case, the greater weight of the evidence shows that defendant's employee and agent, Officer Hilton, was negligent in the manner in which he transported inmate Polston to and from his cell on April 2, 2000. Furthermore, as a direct result of the negligence of Officer Hilton, plaintiff was attacked by inmate Polston and suffered injuries to his back from which he still suffers. N.C. Gen. Stat. §143-291, et seq.
5. There is no credible evidence that plaintiff was contributorily negligent in any manner that may have resulted in his injuries. N.C. Gen. Stat. § 143-291(a); Huff v. Northampton County Bd. of Educ.,259 N.C. 75, 130 S.E.2d 26 (1963).
6. A reasonable sum for plaintiff's pain and suffering and future medical needs caused by the negligence of defendant is $5,000.00.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDERED
1. Defendant shall pay plaintiff the sum of $5,000.00 for the injuries he sustained as a result of his April 2, 2000 injury. Defendant shall pay plaintiff this sum as money damages.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis. *Page 8 
This 11 day of March, 2008.
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/______________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1