***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Plaintiff's Exhibit 1: DC-160 form signed by Plaintiff 4/26/05
2. Plaintiff's Exhibit 2: DC-160 form signed by Plaintiff 4/26/05
3. Plaintiff's Exhibit 3: DC-160 form signed by Plaintiff 4/26/05, noting he "didn't get canteen items"
4. Plaintiff's Exhibit 4: Memo to Plaintiff dated 6/28/05
 ***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and assignments of error before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; *Page 2 
receive further evidence; rehear the parties or their representatives; or amend the decision. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner with minor modifications.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On April 6, 2005, Plaintiff was incarcerated at Albemarle Correctional Institution. Plaintiff was placed in segregation at about 1 p.m. on that date.
2. When Plaintiff was placed in segregation, Officers Butler and Kirk were assigned to inventory and pack Plaintiff's personal property.
3. Later in the day on April 6, 2005, when Plaintiff's personal property was returned to him, he noticed that several food items were missing. Plaintiff had saved these items from the "Christmas package" he had received in or about December of 2004. He had kept them in his locker.
4. Plaintiff immediately asked officer Allman about the missing items, but Officer Allman was unable to locate them.
5. The missing items were as follows: 4 cans of chunk light tuna; 3 flour tortillas; 4 honey buns; 6 packages of rice; 4 cans of beans and chili; 3 packages of peanuts; 7 bags of cheese puffs, and; 2 bags of pork rinds. These items were never recovered.
6. Defendant maintained that Plaintiff kept his locker key under his pillow in his cell and that, when Officers Butler and Kirk inventoried Plaintiff's locker, it was unlocked and the *Page 3 
food items were missing. Thus, Defendant maintained, another inmate(s) must have stolen Plaintiff's food items before Officers Butler and Kirk got there.
7. Officer Kirk testified that she pulled personal property from Plaintiff's locker while Officer Butler wrote the inventory. Officer Kirk further testified that there were no food items in the locker and that other inmates could have "raided" Plaintiff's cell once he was gone.
8. Plaintiff's Exhibit 3, a DC-160 form, shows "1 bag of coffee" as the first item listed and "assorted canteen items" as the 17th item listed. When asked why Officer Butler would have written "assorted canteen items," Officer Kirk testified that she had found more coffee in the locker after the first bag and that officer Butler must have recorded the additional coffee as "assorted canteen items."
9. Officer Butler did not testify, even though he still works for Defendant.
10. It is not convincing that "thieving" inmates would take the food items but none of the other valuable items of personal property in Plaintiff's locker, particularly cosmetics, medications, batteries, a radio, and/or a "Carolina Tar Heels flag." Accordingly, the Full Commission does not find the testimony of Officer Kirk to be credible.
11. Defendant has not contended that any of its employees intentionally took Plaintiff's food items. The Full Commission finds that Defendant's employees were negligent and lost Plaintiff's food items and Plaintiff was not contributorily negligent.
12. Plaintiff testified and the Full Commission finds that the missing food items were worth about $25.00. The Full Commission finds this figure to be a reasonable valuation.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following: *Page 4 
 CONCLUSIONS OF LAW
1. "Under the Tort Claims Act, negligence is determined by the same rules as those applicable to private parties." Bolkhir v. N.C. StateUniv., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). To establish negligence a plaintiff must show that defendant failed to exercise due care in the performance of a legal duty owed to plaintiff and that the negligent breach of that duty was the proximate cause of plaintiff's injury. Id.
2. Officers Butler and Kirk owed Plaintiff a duty of care to ensure that his personal property was secured and returned to him. The evidence of record shows that the officers breached their duty of care by failing to secure Plaintiff's food items and return them to him. Id.
3. As an actual and proximate result of the breach of the duty of care by the officers, Plaintiff was deprived of his food items. Id.
4. There is no credible evidence that plaintiff was contributorily negligent in any manner that may have resulted in his injuries. N.C. Gen. Stat. § 143-291(a); Huff v. Northampton County Bd. of Educ.,259 N.C. 75, 130 S.E.2d 26 (1963).
5. The burden of proving damages is on the party seeking those damages. Olivetti Corp. v. Ames Business Systems, Inc., 319 N.C. 534,547, 356, S.E.2d. 578, 586 (1987), citing Brown v. Moore, 286 N.C. 664, 213, S.E.2d 342 (1975). Having shown that he was damaged by the negligence of the officers, Plaintiff is entitled to compensation under the Tort Claims Act for the value of his lost food items. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commisison enters the following: *Page 5 
 ORDER
1. Defendant shall pay to Plaintiff the sum of $25.00 in money damages.
2. Defendant shall pay the costs of this action.
This the 22nd day of May, 2008.
S/______________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/______________________ BUCK LATTIMORE COMMISSIONER
 S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 1