***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Holmes and the assignments of error and brief before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of Deputy Commissioner Holmes, with minor modifications.
 ***********
The following items were admitted into evidence before the Deputy Commissioner as:
 EXHIBITS • Defendant's Exhibit 1: Incident Report with attached Witness Statements
 *********** *Page 2 
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, a prison inmate incarcerated in the custody and control of Defendant, initiated this civil action on January 21, 2010, by filing a Tort Claim Affidavit alleging that employees of Defendant at Bertie Correctional Institution were negligent in failing to place him under protective custody and in using excessive force when he refused to return to the general population.
2. Plaintiff contends that employees of Defendant should have placed him in protective custody due to problems he encountered at a previous institution involving gang members.
3. The credible evidence shows, however, that Plaintiff refused to cooperate with Defendant's employees' investigation of Plaintiff's claims of threats by other inmates. Without Plaintiff's cooperation, Defendant's employees were unable to substantiate his claims, and therefore, protective custody was not provided to Plaintiff.
4. On the morning of September 4, 2009, Sergeant William Ellegor informed Plaintiff, who was housed in disciplinary segregation at the time, that he was being returned to the general population. Sergeant Ellegor then attempted to move Plaintiff to a holding cell, at which point Plaintiff became belligerent toward Unit Manager Lester Martin and refused Sergeant Ellegor's direct order to step into the holding cell. Plaintiff attempted to step toward Unit Manager Martin, and again, Sergeant Ellegor directed Plaintiff to step into the holding cell, using his body as a buffer between Plaintiff and Unit Manager Martin. At that time, Officer Kendrick Horner arrived and attempted to assist Sergeant Ellegor in restraining Plaintiff. *Page 3 
Plaintiff continued to resist until Unit Manager Lillian Gilliam applied a burst of OC pepper spray to Plaintiff's face.
5. After Plaintiff was successfully restrained, he was escorted by Officer Horner and others to the shower for decontamination. Plaintiff was placed into the shower, and the water was turned on for Plaintiff to rinse off.
6. Officer Horner testified, and the Full Commission finds, that at no time was excessive force applied to Plaintiff. The greater weight of the credible evidence of record shows that Defendant's employees used the minimal amount of force necessary to obtain Plaintiff's compliance with Sergeant Ellegor's order and to stop Plaintiff from advancing toward Unit Manager Martin. The Officers involved acted appropriately and in accordance with DOC policies and procedures.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State. Plaintiff alleges negligence on the part of employees of Defendant.
3. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent *Page 4 
of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. In the instant case, Plaintiff has failed to prove by the greater weight of the evidence that any of the named employees of Defendant breached a duty of care owed to him. Without Plaintiff's cooperation, Defendant's employees were unable to substantiate his need for protective custody. Moreover, courts must practice some restraint and not interfere with the administration of State prisons, which is a function generally left to the executive branch through the Department of Correction. Goble v. Bounds,281 N.C. 307, 188 S.E.2d 347 (1972). Discretionary custody grade determinations would be expected to fall within this executive, post-conviction function of the Department of Correction.
5. Plaintiff has also failed to prove by the greater weight of the evidence that Defendant's employees used excessive force in attempting to restrain Plaintiff on September 4, 2009. The credible evidence shows that Defendant's employees used the minimal amount of force necessary to obtain Plaintiff's compliance with Sergeant Ellegor's order and to stop Plaintiff from advancing toward Unit Manager Martin, and that said force was executed in keeping with DOC policies and procedures.
6. Contributory negligence is a defense against a claim filed under the Tort Claims Act. N.C. Gen. Stat. § 143-299.1. Assuming, arguendo, that there was any negligence on the part of Defendant's employees, Plaintiff was contributorily negligent in repeatedly refusing to comply with Sergeant Ellegor's order and is therefore barred from recovery under the Tort Claims Act. N.C. Gen. Stat. § 143-291(a); Huff v. Northampton County Bd.of Ed., 259 N.C. 75, 130 S.E.2d 26 (1963). *Page 5 
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff SHALL HAVE AND RECOVER NOTHING from Defendant.
3. No costs are taxed to Plaintiff, who was permitted to proceedin forma pauperis.
This the ___ day of August, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ TAMMY R. NANCE COMMISSIONER *Page 1