***********
The Full Commission has reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Glenn, and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of Deputy Commissioner Glenn, with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All the parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter of this case. *Page 2 
All parties are bound by and subject to the North Carolina Tort Claims Act. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of any party.
2. The issues for determination by the Deputy Commissioner are as follows:
 a. Whether Plaintiff was injured by the negligence of an employee of Defendant?
 b. If so, whether said negligence was a proximate cause of the damages Plaintiffs sustained?
 c. If so, whether Plaintiff's claim is barred by contributory negligence?
 d. What, if any, damages is Plaintiff entitled to recover from Defendant under the North Carolina Torts Claim Act?
3. The exhibits that were made a part of the evidence in this matter are as follows:
 a. Plaintiff's Exhibit #1, Travelers' damage estimate for the first impact to Plaintiff's vehicle;
 b. Plaintiff's Exhibit #3, Travelers' damage estimate for the second impact to Plaintiff's vehicle;
 c. Plaintiff's Exhibit #4, Toyota's estimated value of Plaintiff's vehicle;
 d. Plaintiff's Exhibit #5, picture of Plaintiff's vehicle, and;
 e. Plaintiff's Exhibit #6, picture of Plaintiff's car as it sat after the first accident.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. At approximately 5:30 a.m. on the morning of September 26, 2009, Plaintiff was traveling eastbound on I-40 in Durham, Durham County, North Carolina, between Highway 751 and Fayetteville Road. It was dark at the time, and the roadway was wet as it had been raining.
2. The portion of I-40 at issue is a six lane highway with three eastbound lanes and three westbound lanes. There is a cement barrier between 5 and 8 feet high which separates the eastbound and westbound lanes of travel. The portion of I-40 at issue has shoulder areas which are approximately 6 to 8 feet wide. I-40 is not illuminated in this area.
3. The speed limit in the portion of I-40 at issue is 65 miles per hour.
4. As Plaintiff traveled eastbound in the innermost lane of travel, something fell around her feet. Plaintiff reached down to retrieve the object and lost control of her vehicle, causing it to strike the cement barrier.
5. After striking the barrier, Plaintiff's vehicle came to rest partially in the inner median and partially in the innermost lane of travel. The front of Plaintiff's vehicle was facing the cement barrier with the left side of the vehicle facing oncoming eastbound traffic.
6. Following the collision, Plaintiff turned on her hazard lights, exited her vehicle, and telephoned 911. Plaintiff was unable to move her vehicle because it would not start.
7. A tractor trailer driver who witnessed the collision pulled his tractor trailer off the roadway onto the right hand shoulder, turned on his emergency lights, and crossed the interstate on foot to determine whether Plaintiff needed assistance.
8. The tractor trailer driver used a small flashlight to attempt to warn oncoming traffic of the presence of Plaintiff's vehicle in the innermost lane of travel. *Page 4 
9. At the same time, some distance west of the accident, Trooper Jeffrey L. Miller was traveling eastbound on I-40 in the innermost lane. Trooper Miller was traveling at a speed of approximately 65 miles per hour as he approached the scene of the accident.
10. As Trooper Miller approached the scene of the accident, but prior to seeing Plaintiff's vehicle, he noticed a tractor trailer with flashing lights on the right shoulder of I-40. Based on his experience as a State Trooper, Trooper Miller suspected that the tractor trailer had pulled off the road due to an accident, and he began scanning the area for a wreck.
11. Plaintiff's vehicle was not visible to Trooper Miller until he was approximately 75 to 100 feet from it. Immediately upon observing that Plaintiff's vehicle was completely blocking his lane of travel, Trooper Miller acted reasonably by moving into the middle lane of travel in an attempt to avoid a collision with Plaintiff's vehicle. Trooper Miller did not have the time to avoid a collision, however, and the driver's side rear quarter panel of his vehicle made contact with the rear of Plaintiff's vehicle.
12. As a result of his collision with Plaintiff's vehicle, Trooper Miller's vehicle went into a spin, went off the right side of the roadway, and struck a tree before coming to a rest.
13. At the time of Trooper Miller's collision with Plaintiff's vehicle, another tractor trailer driver, Tim Blankenship, was traveling eastbound in the middle lane of travel approximately 100 feet behind Trooper Miller's vehicle. Mr. Blankenship had observed Trooper Miller's vehicle in the innermost lane as Trooper Miller drove past him just before the collision.
14. As he approached the scene, Mr. Blankenship observed the lights on the tractor trailer that was parked on the right shoulder. He then observed Trooper Miller's vehicle as Trooper Miller attempted to avoid colliding with Plaintiff's vehicle. *Page 5 
15. Mr. Blankenship did not see any lights on or near Plaintiff's vehicle that would have alerted other drivers to the fact that Plaintiff's vehicle was blocking the innermost lane of travel. Furthermore, Mr. Blankenship did not see Plaintiff's vehicle until after Trooper Miller collided with it.
16. Mr. Blankenship observed Plaintiff and the driver of the other tractor trailer standing away from Plaintiff's vehicle near the concrete median.
17. Plaintiff testified that, just before Trooper Miller's vehicle struck hers, she was retrieving documents from her vehicle when the tractor trailer driver saw Trooper Miller's vehicle approaching and warned her. Plaintiff then exited her vehicle and jumped onto the cement barrier.
18. Plaintiff did not sustain any physical injuries as a result the collision between Trooper Miller's vehicle and her vehicle, but she was frightened in anticipation of the accident.
19. Plaintiff testified that she was informed by Toyota that her vehicle, a 2007 Toyota Yaris, was worth approximately $10,975 at the time of the accident.
20. As a result of the initial impact with the median, Plaintiff's vehicle sustained damage to its front and left front which, based upon an adjuster's estimate, she has valued at $930.39.
21. Plaintiff contends that, as a result of the collision with Trooper Miller's vehicle, her vehicle sustained additional front end damage and damage to the right and left rear fenders which, based upon an adjuster's estimate, she has valued at $9,753.08.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following: *Page 6 
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State, "under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." Bolkhir v. N.C. State Univ.,321 N.C. 706, 365 S.E.2d 898 (1988).
2. In order to recover on a civil claim for negligence, a plaintiff must show that: "(1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury."Id. at 709, 365 S.E.2d at 900. In analyzing a claim for negligence, the court must determine (1) the legal duty, if any, owed by defendant to plaintiff; (2) if a legal duty is owed, did defendant breach the applicable standard of care; and (3) if there was a breach of the applicable standard of care, was such breach a proximate cause of injury to plaintiff. The issue of whether a legal duty is owed is a question of law. Carlson v. BBT,123 N.C. App. 306, 473 S.E.2d 631 (1996), disc. reviewdenied, 345 N.C. 340, 483 S.E.2d 162 (1997).
3. In the instant case, Plaintiff has failed to establish that Trooper Miller breached any legal duty to Plaintiff. Therefore, Plaintiff is not entitled to any damages from Defendant. N.C. Gen. Stat. § 143-291.
4. Even if Trooper Miller were found to be negligent in connection with his collision with Plaintiff's vehicle, Plaintiff would be barred from recovery due to her contributory negligence. Huff v.Northampton County Board of Education,259 N.C. 75, 130 S.E.2d 26 (1963). The evidence shows that Plaintiff was negligent when, while driving on a highway in dark, wet conditions, she took her hand off the steering wheel and reached down to retrieve a *Page 7 
fallen object, thereby causing her to lose control of her vehicle which collided with the cement barrier and came to rest so that it was blocking the innermost lane of the highway.
5. Based on the facts of this case, the doctrine of last clear chance is inapplicable. The doctrine applies only when: (1) the plaintiff negligently placed herself in a position of helpless peril; (2) the defendant knew or, by the exercise of reasonable care, should have discovered the plaintiff's perilous position and her incapacity to escape from it; (3) the defendant had the time and ability to avoid the injury by the exercise of reasonable care; (4) the defendant negligently failed to use available time and means to avoid injury to the plaintiff; and (5) as a result, the plaintiff was injured. Parker v. Willis,167 N.C. App. 625, 606 S.E.2d 184 (2004), review denied,359 N.C. 411, 612 S.E.2d 322 (2005). In the instant case, the evidence fails to show that Trooper Miller knew or should have known that Plaintiff's vehicle was blocking the lane in which he was traveling, or that he had the time and ability to avoid the collision given the short distance between his vehicle and Plaintiff's.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff should have and recover nothing of and from defendant. Plaintiff's claim is hereby dismissed.
2. Each side shall bear their respective costs.
This the ___ day of September, 2011. *Page 8 
 S/_____________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/_______________ TAMMY R. NANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER